## SCM CORPORATION

### v.

## XEROX CORPORATION.

### Civ. No. 15807.

United States District Court, D. Connecticut.

Nov. 29, 1977.

Stephen Rackow Kaye, New York City, for plaintiff.

Stanley D. Robinson, New York City, for defendant.

## RULING ON OBJECTION TO DEPOSITION

NEWMAN, District Judge.

Recently in the trial of this complex antitrust case, the parties joined issue on whether the 100-mile distance from the courthouse specified in Fed.R.Civ.P. 32(a)(3)(B) for determining use of depositions at trial is measured along ordinary routes of travel or a straight line—as the crow flies. *SCM Corp. v. Xerox Corp.*, 76 F.R.D. 214 (D.Conn.1977). Having ruled in favor of the crow, the Court is now confronted with the equally grave matter of determining the point from which the crow begins its flight. As those sufficiently in-

---

terested in the relationship between ornithology and federal civil procedure to read on will discover, this issue also requires some consideration of when the flight begins.

From their seemingly inexhaustible supply of novel fact situations, the parties have presented the following circumstances. A witness lives more than 100 air miles from the courthouse but is regularly employed at a location within 100 air miles. Plaintiff SCM offers his deposition in evidence, and defendant Xerox objects.

Rule 32(a)(3)(B) permits use of a deposition at trial if "the witness *is* at a greater distance than 100 miles from the place of trial . . . .." (emphasis added). SCM contends the rule permits use of a deposition at trial if the witness resides beyond 100 miles. Xerox contends the deposition may not be used if the witness, in the word of the rule, "is" within 100 miles. While several cases interpreting Rule 32(a)(3) have referred to the residence of the witness as a point of measurement,[1] none appears to have done so in a case where selection of residence or some other location of the witness made any difference.

Residence obviously cannot be the pertinent place for measurement in all cases, because a deposition should be usable when a witness resides within 100 miles but is abroad for the duration of the trial. On the other hand, the rule cannot be read so literally as to permit deposition use if the witness "is" beyond 100 miles at the precise moment the deposition is offered, but is within 100 miles, whether living or working, at other days on which the trial, or at least the proponent's case, is in progress. The converse situation is not so clear— whether the deposition can be used if a witness "is," however briefly, at a point within 100 miles when the deposition is offered but lives beyond 100 miles. If the witness lives beyond 100 miles but is actual-

ly present in the courtroom, use of the deposition has been considered to be error, albeit harmless. *Nanda v. Ford Motor Co.,* 509 F.2d 213, 224 (7th Cir. 1974). Inquiry must focus not only on where the witness is but also when he is where he is.

Three considerations should guide decision on the facts now before the Court. First is the virtue of affording the trier an opportunity to observe the witness. See Fed.R.Civ.P. 32(a)(3)(E); *Arnstein v. Porter,* 154 F.2d 464, 470 (2d Cir. 1946). Second is the desirability of construing the deposition use provisions of Rule 32(a)(3) substantially in conformity with the trial subpoena provisions of Rule 45(e).[2] See 4A Moore's Federal Practice ¶ 32.05[1]. Since a witness can be subpoenaed if served within 100 miles, an exact fit between the 100-mile provisions of the two rules would prohibit deposition use if the witness were shown to be available for subpoena service—even if only briefly. However, a third consideration points against such an extreme position. This is the interest in standards of easy application, so that distracting minor disputes during a trial can be minimized. *Cf. Pillsbury Co. v. Delta Boat & Barge Rental, Inc.,* 72 F.R.D. 630, 631 (E.D.La. 1976) (construing 100-mile bulge service provision of Rule 4(f)); *Pierce v. Globemaster Baltimore, Inc.,* 49 F.R.D. 63, 66 (D.Md. 1969) (same). When a witness has been subpoenaed under Rule 45(e) and challenges the service, there can be a focused inquiry as to whether the point at which he was served is within 100 miles. The marshal's return fixes the point of service. But if Rule 32(a)(3) is construed to be the exact counterpart of Rule 45(e), the party opposing use of the deposition could attempt to show a variety of locations, within 100 miles, at which the deponent was alleged to have been, however briefly, at some time during the trial and hence available for service of a trial subpoena. Such an unfo-

---

1. *See, e. g., Hertz v. Graham,* 292 F.2d 443, 448 (2d Cir. 1961); *Colonial Realty Corp. v. Brunswick Corp.,* 337 F.Supp. 546 (S.D.N.Y.1971).

2. The provisions of the two rules are not identical, since a trial witness can be subpoenaed

under Rule 45(e) if served anywhere in the district in which the trial is held, whereas Rule 32(a)(3) permits deposition use when the deponent is within the district but beyond 100 miles from the courthouse.

cused inquiry would be very time consuming.

It seems to me that a reasonable construction of Rule 32(a)(3)(B) to facilitate a "just and speedy" result, Fed.R.Civ.P. 1, is to prohibit deposition use at trial if the witness can be readily shown, without significant dispute, to be at a location within 100 miles of the courthouse when the deposition is offered, or at a time during the proponent's case when a trial subpoena could have been served. Residence would normally suffice as an appropriate location, easily ascertained, so long as there is some evidence that the witness is actually at his residence. A regular place of employment should be an equally acceptable location since the criterion of prompt ascertainment of presence can be expected to be easily met.

Whether presence at any other location within 100 miles in addition to residence and regular place of employment should also suffice to bar deposition use need not be considered, since on the undisputed facts of this case, a crow's flight from the location where the witness is currently regularly working to the courthouse would be less than 100 miles. The objection to use of the deposition is therefore sustained.[3]

---

**3.** Xerox, having picked a crow with SCM over this minor issue, should not take this Ruling as anything to crow about, nor is it an occasion for SCM to eat crow. *See,* generally, Brewer's Dictionary of Phrase & Fable (Evans ed.) 1970 "Crow" 281–82.