UNITED STATES of America, Plaintiff,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.

No. 69 Civ. 200 (DNE).

United States District Court, S. D. New York.

May 27, 1981.

U. S. Dept. of Justice, Antitrust Division, for plaintiff United States of America.

Cravath, Swaine & Moore, New York City, for defendant IBM.

## OPINION AND ORDER

EDELSTEIN, District Judge:

### INTRODUCTION

IBM, defendant in this antitrust action, has moved this court to admit designated sections of fifteen depositions taken before and during the course of this trial.[1] IBM seeks admission of the depositions as part of its direct case. Ten of the depositions were taken by defendant of plaintiff's listed trial witnesses. Six of these ten deponents later testified at trial for plaintiff. The remaining five depositions were taken by plaintiff of defendant's proposed trial witnesses.[2] IBM, in its various motions and offers, sets forth three grounds of support in favor of the admissibility of the depositions. These are, first, Rule 32(a)(3)(B) of the Federal Rules of Civil Procedure, specifying the use of depositions in court proceedings; second, Rule 804(b)(1) of the Federal Rules of Evidence, the former testimony exception to the hearsay rule; and third, a June 7, 1975 stipulation between the parties relating to use of depositions at trial.[3] The government opposes admission of the depositions, arguing that IBM's proffered bases for admissibility are inapplicable and that admission would result in unfairness.

### DISCUSSION

#### (1) Fed.R.Civ.P. 32(a)(3)(B)

IBM's primary basis for admission of the depositions is Rule 32(a)(3)(B) of the Federal Rules of Civil Procedure, which provides:

> The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds ... that the witness is at a greater distance than 100 miles from the place of trial or hearing ... unless it appears that the absence of the witness was procured by the party offering the deposition.

IBM claims that because each of the deponents is further than 100 miles from trial, the depositions must be admitted. The government responds that Rule 32(a)(3)(B) does not permit use of these depositions. First, plaintiff argues that Rule 32(a)(3)(B) does not apply when the deponents are sub-

---

1. On October 12, 1978, IBM submitted written offers of proof consisting of designated portions of depositions of four individuals (R. C. DuBois, T. I. Harris, G. E. Mueller and W. R. T. Witschey) and certain exhibits produced at their depositions.

   On September 27, 1979, IBM orally offered into evidence designated portions of depositions of nine individuals (M. A. Talvola, R. S. Oelman, F. R. Currie, A. C. Rice, H. Cohen, A. J. Perlis, H. W. Rademacher, C. P. McColough and B. J. McKenna). Tr. 91215, 91223, 91233.

   On April 18, 1980, by letter to the court, IBM offered designated portions of depositions of two individuals (A. R. L. Deacon, Jr. and F. M. Scherer).

2. The following chart summarizes the depositions offered:

| DEPONENT | DATE TAKEN | DEPOSITION TAKEN BY | WITNESS FOR | SUBSEQUENT LIVE TESTIMONY | EXHIBIT NUMBER (FOR IDENTIFICATION) |
|----------|-----------|---------------------|-------------|---------------------------|-------------------------------------|
| Scherer | 8/19/74 | IBM | Govt. | Yes | DX 7647 |
| Oelman | 6/25/74 | IBM | Govt. | Yes | DX 9097 |
| Rice | 6/26/74 | IBM | Govt. | Yes | DX 9106 |
| Perlis | 6/18/74 | IBM | Govt. | Yes | DX 9107 |
| Currie | 3/29/76 | IBM | Govt. | Yes | DX 9098 |
| Cohen | 2/28/76 | IBM | Govt. | Yes | DX 9101 |
| Deacon | 10/2/75 | IBM | Govt. | No | DX 7641 |
| Rademacher | 2/17/77 | IBM | Govt. | No | DX 9102 |
| McColough | 3/12/76 | IBM | Govt. | No | DX 9103 |
| McKenna | 3/4/77 | IBM | Govt. | No | DX 9099 |
| Talvola | 8/1/78 | Govt. | IBM | No | DX 9096 |
| Witschey | 8/24/78 | Govt. | IBM | No | Offer of Proof |
| DuBois | 7/12/78 | Govt. | IBM | No | Offer of Proof |
| Mueller | 9/14/78 | Govt. | IBM | No | Offer of Proof |
| Harris | 6/28/78 | Govt. | IBM | No | Offer of Proof |

3. IBM does not rely on every basis for each of the depositions. For example, IBM does not rely on the stipulation for admission of the four depositions which are the subject of the offer of proof. IBM's Memorandum in Reply to Plaintiff's Memorandum in Response to Defendant's Offer of Proof at 13.

ject to the court's subpoena power under 15 U.S.C. § 23 (1976), which permits a witness to be subpoenaed nationwide in antitrust suits brought by the United States.[4] Second, plaintiff argues that the rule does not allow admission of "discovery" as opposed to "evidentiary" depositions. Third, the government argues with respect to six of the depositions that the rule does not authorize admission when the deponent has testified at trial.

■ Plaintiff's first contention is that the 100 mile limit of Rule 32(a)(3)(B) relates to the availability of a witness for trial, and that when a witness is available, or subject to the subpoena power of the court, the rule is inapplicable. Fed.R.Civ.P. 45(e) normally governs a witness' geographic availability for trial. It provides that a trial subpoena "may be served at any place within the district, or at any place without the district that is within 100 miles of the place of the hearing or trial specified in the subpoena . . . ." The government contends that because trial subpoenas usually cannot be served beyond the 100 mile limit specified both in Rule 32(a)(3)(B) and Rule 45(e), use of a deposition at trial is contingent upon the inability to serve a trial subpoena. Thus, the government concludes that because the court has nationwide subpoena power in the present case, the 100 mile rule does not apply.

The government's argument is built with solid logic, but on a faulty foundation. Rule 45(e) permits service within 100 miles *or* within the district. If Rule 45(e) contained only the 100 mile provision, or if Rule 32(a)(3)(B) referred to the district, a linear relationship between subpoena power and use of depositions might be established. However, the geographical provisions of the two rules are not identical. The deposition of a witness who is beyond the 100 mile limit but within the district can be used at trial, although the deponent is subject to the subpoena power of the court. *SCM Corp. v. Xerox Corp.*, 77 F.R.D. 16, 17 n.2 (D.Conn.1977); *Houser v. Snap-On Tools Corp.*, 202 F.Supp. 181, 189 (D.Md.1962).

In fact, the drafters of the rule permitting deposition use rejected a proposed version which tracked the language of the trial subpoena provision. The Preliminary Draft of Rule 26(d) (April, 1936), the predecessor of Rule 32(a)(3)(B), would have precluded use if the deponent was within 100 miles of the place of trial *or* within the district. The rule as adopted permits use if the witness is at a greater distance than 100 miles from the courthouse, thus indicating an intention that deposition use was not to be contingent on a witness being beyond the subpoena power of the court. *See* 4A Moore's Federal Practice ¶ 32.05[1], at 32–25 n.5 (2d ed. 1981); Pike & Willis, *The New Federal Deposition-Discovery Procedure*, 38 Col.L. Rev. 1436, 1446 (1938). The drafters apparently had two related objectives in designing the 100 mile rule as it now stands. One was to permit deposition use when a witness was beyond the subpoena power of the court. The other was to permit deposition use when the deponent would be unduly inconvenienced by requiring his presence at trial, even if the deponent was subject to subpoena power. The drafters presumedly felt that it would be too burdensome to require a deponent beyond the distance of 100 miles to appear at trial. Thus, the court holds that admissibility of depositions under the 100 mile provision of Rule 32 is not dependent on the subpoena power of the court.[5]

---

**4.** 15 U.S.C. § 23 provides:

   In any suit, action, or proceeding brought by or on behalf of the United States subpoenas for witnesses who are required to attend a court of the United States in any judicial district in any case, civil or criminal, arising under the antitrust laws may run into any other district: *Provided,* That in civil cases no writ of subpoena shall issue for witnesses living out of the district in which the court is held at a greater distance than one hundred miles from the place of holding the same without the permission of the trial court being first had upon proper application and cause shown.

**5.** Further, the "party attempting to submit the deposition into evidence need not proffer an excuse for the failure of the deponent to appear in court." *Houser v. Snap-On Tools Corp.*, 202 F.Supp. 181, 189 (D.Md.1962). IBM therefore need not demonstrate that it attempted to sub-

■ Plaintiff's second argument is that Rule 32(a)(3)(B) does not provide for admission of "discovery" depositions. Plaintiff claims that the depositions it took of IBM's prospective witnesses are incomplete and "discovery" in nature because they were taken to prepare for cross-examination. Plaintiff also claims that IBM's depositions of its proposed witnesses are "incomplete," as plaintiff did not cross-examine its own witnesses. Plaintiff's argument is without merit. Rule 32 does not "evince a distinction as to admissibility at trial between a deposition taken solely for purposes of discovery and one taken for use at trial . . . ." *Rosenthal v. Peoples Cab Co.*, 26 F.R.D. 116, 117 (W.D.Pa.1960). Likewise, any decision by plaintiff to limit its questioning during depositions is not a bar to admission of the depositions under Rule 32(a)(3)(B). *Wright Root Beer Co. v. Dr. Pepper Co.*, 414 F.2d 887, 889–91 (5th Cir. 1969);[6] *see* 8 Wright & Miller, Federal Practice and Procedure § 2007, at 38 n.1 (1970).[7]

It may be true that the government's decision to limit its questioning at depositions has resulted in deposition records favorable to IBM. However, plaintiff was aware of IBM's position that there is no distinction between "discovery" and "evidentiary" depositions and of IBM's intention to offer depositions into evidence. The admission of unfavorable deposition records was a risk the government assumed when it chose to limit its questioning.

■ The government's final contention is that deposition use under Rule 32 is inappropriate when a deponent has subsequently testified at trial. Six of the depositions offered by IBM are of plaintiff's witnesses who later appeared live at trial. There is a strong preference for live testimony, long recognized by the courts, as it provides the trier of fact the opportunity to observe the demeanor of the witness. As Judge Learned Hand stated, "[t]he deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand." *Napier v. Bossard*, 102 F.2d 467, 469 (2d Cir. 1939); *see Arnstein v. Porter*, 154 F.2d 464, 470 (2d Cir. 1946). This policy is embodied in Rule 32(a)(3)(E), which refers to the "due regard" to be given "to the importance of presenting the testimony of witnesses orally in open court . . . ."

IBM responds, however, that the depositions of plaintiff's live witnesses are being offered as part of its direct case rather than as impeachment or as a form of cross-examination of those witnesses.[8] In *G.E.J. Corp. v. Uranium Aire, Inc.*, 311 F.2d 749, 755 (9th Cir. 1962), the Ninth Circuit rejected a sub-

poena the deponent in order to show that it did not "procure" his absence.

**6.** In *Wright Root Beer*, counsel complained that "he did not extend himself on cross-examination because it was a discovery deposition." *Id.* at 889. The Fifth Circuit, in holding the depositions properly admissible, noted that "[w]hether the cross was extended or limited was left to counsel's judgment, and to the strategy that is inherent in a trial lawyer's decision." *Id.* at 890.

**7.** Prior to the revision of the Federal Rules of Civil Procedure in 1970, Rule 26(a) provided that depositions could be taken "for the purpose of discovery or for use as evidence in the action or for both purposes." Rule 26(d), the predecessor of Rule 32(a), which governed the use of depositions at trial, did not, however, state any distinction between discovery and evidentiary depositions. Recognizing a possible ambiguity in the rule, courts nevertheless refused to recognize a distinction between "discovery" and "evidentiary" depositions with re-

gard to admissibility at trial. *See Wright Root Beer Co. v. Dr. Pepper Co., supra; Rosenthal v. Peoples Cab Co., supra.* When the subject matter of Rule 26(a) was transferred to Rule 30(a) in the 1970 revision of the rules, the language authorizing depositions "for the purpose of discovery or for use as evidence in the action or for both purposes" was omitted. *See* 4A Moore's Federal Practice ¶ 30.50, at 30–35 (2d ed. 1981) (unnecessary for rule to state that depositions could be taken for both purposes). Whatever glimmer of support plaintiff had under the old rules was extinguished by the 1970 revisions.

**8.** The government argues that IBM, in reality, is attempting to cross-examine or impeach plaintiff's witnesses after they have left the stand. Counsel for IBM conceded that at least one of the depositions covers the same subject areas that were examined during direct live testimony for the government. Tr. 91226.

stantially similar argument. There, the defendant-appellant offered a deposition of a witness who had previously appeared live:

> Prior to the offer of the deposition Gould had appeared in person, testifying as one of appellees' witnesses on rebuttal. Appellants had not cross-examined him at that time, but had consented to his being excused. It was later, during surrebuttal, that they sought to introduce Gould's deposition, asserting that the witness could not have been cross-examined on the subject earlier because it was not within the scope of his direct examination.
>
> Depositions may only be used where the witness is unavailable or where exceptional circumstances necessitate their use. Rule 26(d) [the predecessor to Rule 32(a)] contemplates such use and was not intended to permit depositions to substitute at the trial for the witness himself. The appellants could have secured Gould's continued presence at the trial in order to later elicit his oral testimony on the matter in question. Instead, they allowed him to be excused. Their argument to the effect that at the time Gould was excused they had no idea that they would need his testimony is not valid. The subject of his testimony related to a major issue in the case upon which appellants bore the burden of proof. We see no reason why the pre-trial deposition of a witness should be admissible when the witness is himself present.

*Id.* Likewise, this court sees no reason why the deposition of a trial witness should be admissible when offered after the witness' appearance, particularly when IBM made no attempt to elicit the testimony it now seeks to offer by way of these depositions when the witnesses were on the stand.

Other circuits have disapproved the use of deposition testimony as substantive evidence when the deponent appears live. In *Klepal v. Pennsylvania Railroad Co.*, 229 F.2d 610 (2d Cir. 1956), the Second Circuit held, in a non-jury trial, that the judge's use of depositions of three witnesses who later testified was error, though harmless as the judge had "full and adequate oral testimony before him." *Id.* at 612. *See also Sanford Bros. Boats, Inc. v. Vidrine*, 412 F.2d 958, 963 n.3 (5th Cir. 1969) ("We have grave doubts as to whether the deposition of Captain Ammon [who testified live], was available as substantive evidence to establish the truth of its contents."); *Community Counselling Service, Inc. v. Reilly*, 317 F.2d 239, 243 (4th Cir. 1963) ("Unquestionably, the general rule is that the pretrial deposition of a witness on the stand is not admissible as substantive evidence. The pretrial statement is usable on cross-examination, for purposes of impeachment, to present earlier, contradictory statements, but it is not substantive evidence of the truth of the extra-judicial statements.").

The court holds that depositions of those witnesses who subsequently testified at trial are not admissible pursuant to Rule 32(a)(3)(B). Rule 32 was intended to provide deposition use as a substitute for live testimony under certain circumstances. The rule was not intended to allow parties to combine deposed with live testimony.

*The 100 Mile Rule*

Depositions of witnesses who did not testify at trial are admissible if the 100 mile provision of Rule 32(a)(3)(B) is satisfied. Application of this provision requires two further inquiries. The first is the time for application of the provision, that is, the time period during trial when the deponent's location should be examined. The second is the reason for presence within 100 miles of the courthouse, that is, the purposes for presence within 100 miles which should preclude deposition use. Judge Newman, in *SCM Corp. v. Xerox Corp.*, 77 F.R.D. 16 (D.Conn.1977), examined these elements of the 100 mile rule in complex litigation. Attempting to construe the deposition use provisions of Rule 32 substantially in conformity with the trial subpoena provisions of Rule 45(e), the court ruled deposition use to be prohibited "if the wit-

ness can be readily shown, without significant dispute, to be at a location within 100 miles of the courthouse when the deposition is offered, or at a time during the proponent's case when a trial subpoena could have been served." *Id.* at 18.[9] Judge Newman held that presence at places of residence or work within 100 miles would bar admission, but left unresolved "[w]hether presence at any other location within 100 miles . . . should also suffice to bar deposition use . . . ." *Id.*

■ Thus, Judge Newman used the subpoena provisions of Rule 45 to define the time application of the 100 mile provision of Rule 32. In earlier cases, the witness' location had been examined at the time of offering. *See, e. g., Hartman v. United States,* 538 F.2d 1336, 1345 (8th Cir. 1976); *Ikerd v. Lapworth,* 435 F.2d 197, 205 (7th Cir. 1970); *see also* 8 Wright & Miller, Federal Practice & Procedure, § 2146 at 458 (1970). In a case of short duration, application at the time of offering is proper. Judge Newman's interpretation of Rule 32(a)(3)(B) allows the 100 mile provision to retain some vitality in protracted litigation. In the current litigation, the parties have taken years to present their cases. Examining the deponent's location only at the time the proponent offers the deposition would allow the parties to broaden the scope of deposition use by waiting until deponents are at distant locations before offering the depositions.[10] This court agrees with Judge Newman's conclusion that the time at which the deponent's location should be examined should extend beyond the time of offering to include any

point during presentation of proponent's case when a trial subpoena could have been served. Thus, because a trial subpoena can be served at all times due to nationwide subpoena power here, IBM must show that the deponents were not present within 100 miles of the courthouse at any time during presentation of its case.

■ A more difficult issue is that not decided by Judge Newman—whether the place of measurement should be limited to a deponent's place of residence or business, or whether presence within 100 miles unrelated to residence or business should serve to preclude use. In establishing a standard to determine whether presence within 100 miles of the courthouse unrelated to residence or business should bar admission, this court is guided by the underpinning of the 100 mile provision—the convenience of the witness. If a deponent both resides and works beyond the 100 mile radius, this court will bar deposition use only if it determines that during presentation of proponent's case the deponent had contact with proponent or proponent's counsel in connection with this case within the 100 mile range.[11] If, for example, a deponent was within 100 miles assisting IBM counsel during presentation of IBM's case, his deposition will not be admissible. Such contact would indicate that presence at the courthouse would not have been unduly inconvenient.

## (2) *Rule 804(b)(1) of the Federal Rules of Evidence*

■ Rule 804(b)(1) of the Federal Rules of Evidence, an exception to the hear-

---

9. In a previous opinion in the same case, Judge Newman ruled that the 100 mile provision of Rule 32 is to be measured along a straight line on a map rather than along the ordinary, usual, and shortest route of public travel. *SCM Corp. v. Xerox Corp.,* 76 F.R.D. 214 (D.Conn.1977). This court agrees that the distance should be measured "as the crow flies," for the reasons given by Judge Newman.

10. Arguably, the timing of the offer might violate the proviso of Rule 32(a)(3)(B) relating to the procurement of the absence of the witness.

But see *Houser v. Snap-On Tools Corp.,* 202 F.Supp. 181, 189 (D.Md.1962) (party offering deposition need not proffer an excuse for deponent to appear in court).

11. This interpretation avoids problems of presence within 100 miles that is incidental to the litigation. For example, the fact that a witness may have made an airplane connection within the 100 miles during the presentation of proponent's case should not affect admissibility of the deposition under Rule 32.

say rule, also provides for the admissibility of depositions:

> The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
> *Former testimony.* Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

In response to plaintiff's hearsay objections to at least two of the depositions, IBM cites Rule 804 as an alternative basis for admission.[12] At the outset, the court notes that if the deposition meets the criteria of Fed. R.Civ.P. 32(a)(3)(B), any hearsay objection under Fed.R.Evid. 802 is cured. Rule 802 provides that hearsay is inadmissible, "except as provided by these rules or by other rules ...." The notes of the Advisory Committee list Fed.R.Civ.P. 32 as an illustration of the "other rules" which are exceptions to the hearsay rule. Rule 43(a) of the Federal Rules of Civil Procedure is the counterpart of Rule 802:

> In all trials the testimony of witnesses shall be taken orally in open court, unless otherwise provided by an Act of Congress or by these rules, the Federal Rules of Evidence, or other rules ·adopted by the Supreme Court.

Thus, Rule 32 and Rule 804 are independent bases for the admission of a deposition.

*See* 4A Moore's Federal Practice ¶ 32.05[2], at 32–32 (2d ed. 1981).[13]

■ Although Rule 804 is an independent basis for admission of a deposition, it will not provide a basis for the admission of the depositions here offered by IBM. IBM has not demonstrated that the depositions meet any of the unavailability criteria under Rule 804. It has stated only that the deponents are beyond a distance of 100 miles from the courthouse, which is an insufficient assertion to demonstrate unavailability under Rule 804.[14]

### (3) *June 7, 1975 Stipulation*

■ IBM's third basis for admission is a stipulation by the parties relating to deposition use at trial. The stipulation, dated June 7, 1975, unsigned by the court, states in part:

> Plaintiff or defendant may offer in evidence at trial the deposition testimony of employees of nonparties who were deposed in this action with the same force and effect as if such persons appeared at trial and such testimony were given at trial.[15]

Two other sections of the stipulation provide for similar use of deposition testimony of employees of each of the parties.

The government argues that the stipulation was not intended to apply prospectively, and therefore that the eleven depositions taken after the execution of the stipulation are not admissible pursuant to the stipulation.

The stipulation is ambiguous as to whether it was intended to have prospective ef-

---

**12.** The government interposed hearsay objections to the depositions of Scherer and Deacon.

**13.** It has been noted that Rule 804(b)(1) "was intended to cover the use of depositions in cases other than the one being litigated when the deposition is taken." Saltzburg & Redden, Federal Rules of Evidence Manual, at 731 (2d ed. 1977).

**14.** The unavailability criteria of Rule 804 are generally the same as the criteria for deposition use under Rule 32(a)(3). *See* Fed.R.Evid. 804(a); 4A Moore's Federal Practice ¶ 35.05[2],

at 32–32.1 (2d ed. 1981). However, the two rules differ in several respects. Rule 32(a)(3) additionally permits deposition use when a deponent is beyond 100 miles from the courthouse and, upon application and notice, in "exceptional circumstances," whereas Rule 804 defines additional criteria of unavailability on the basis of privilege, refusal to testify, and lack of memory.

**15.** This stipulation was received into evidence as JX 9. *See* tr. 20469.

fect. The language of the stipulation refers to employees "who *were* deposed in this action," (emphasis added), indicating past, certain events. An intent to include depositions not taken at the time of the stipulation could clearly have been indicated by wording the stipulation in the present or future as well as the past tense. The ease with which the parties might have expanded the scope of the stipulation militates against interpreting it to have prospective effect.[16] Thus, the court will not admit, pursuant to the stipulation, depositions taken after its execution, as the court finds the stipulation does not clearly envision prospective application.

The remaining four depositions were taken prior to the date of the stipulation. Clearly, the stipulation was intended, at the time of execution, to apply to these depositions. However, each of these deponents subsequently testified at trial. Plaintiff argues that the parties did not intend the depositions to be admissible in the event the deponent appeared live at trial.

Again, the stipulation is ambiguous. The clause in the stipulation "as if such persons appeared at trial" could imply that the stipulation was only to have effect if the deponent did not appear at trial. Alternatively, the phrase may have been intended to indicate the "force," or probative value the parties desired the testimony in the depositions to have.

As previously stated, courts have traditionally recognized a strong preference for live testimony. *See Arnstein v. Porter*, 154 F.2d 464, 470 (2d Cir. 1946); *Napier v. Bossard*, 102 F.2d 467, 469 (2d Cir. 1939); *see also* Fed.R.Civ.P. 32(a)(3)(E). With respect to these four depositions there *was* live testimony and this preference can be satis-

fied, a factor this court considers important. Because of the ambiguity in the language, the probable intent of the parties to include depositions of witnesses who did not appear at trial and the preference for live rather than deposed testimony, this court will not admit these four depositions pursuant to the June 7, 1975 stipulation.[17]

## CONCLUSION

Depositions of witnesses who testified at this trial will not be admitted into evidence.[18] The parties are directed, with respect to the remaining depositions, to submit affidavits within five days of this order indicating whether the depositions comply with the 100 mile provision of Rule 32(a)(3)(B), as interpreted by this court. The affidavits should specify each deponent's places of residence and business during the presentation of IBM's case, and, for each location, the distance from the courthouse "as the crow flies." The affidavits should also state what contact, if any, IBM or its counsel had with the deponents within 100 miles of the courthouse during the presentation of its case.

So ordered.

---

16. The parties probably did not contemplate that it would be necessary to take depositions years after trial began. *See* Memorandum and Order, July 28, 1978; Endorsement, April 25, 1978 (granting plaintiff's motion to depose IBM's proposed witnesses).

17. The government also argues that the stipulation was not intended to encompass "one side's

discovery depositions of the other side's witnesses." Plaintiff's Memorandum in Response to Defendant's Offer of Proof at 5. The court need not address this contention since it will not admit the depositions pursuant to the stipulation.

18. These depositions are of Scherer, Oelman, Rice, Perlis, Currie and Cohen.