[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Following a trial in the instant matter the jury returned a verdict for the plaintiff and awarded damages in the amount of $12,144.00. The defendant, Wal-Mart, now renews its motion for a directed verdict; and moves to set aside the verdict; and for a new trial. In support of those motions the defendant filed a Memorandum of Law and a Memorandum in Opposition to the plaintiff's Memorandum of Objection. In opposition to those motions, the plaintiff filed a Memorandum of Objection.
The defendant bases its motions for a directed verdict and to set aside the verdict on the ground that there was insufficient evidence to support the verdict. Specifically, the defendant argues that the plaintiff did not establish that it had constructive notice. Further, the defendant requests that the court grant it a new trial claiming that the court erred in precluding the use of deposition testimony of a potential witness. For the following reasons, the court denies both of the defendant's motions.
BACKGROUND OF THE CASE
The instant matter arose from an incident in one of Wal-Mart's stores in which the plaintiff claims he was caused to slip and fall on a puddle of soda as a result of the defendant's negligence. The plaintiff was the only witness to testify as to what happened immediately preceding and during the fall. There were no eyewitnesses to the fall and neither party presented any expert testimony regarding how or why the fall happened. Further, CT Page 897 although the defendant did not concede that the plaintiff fell on the soda, it presented no independent evidence to support a conclusion that the fall did not occur. And the defendant did not present any evidence to contest the fact that there was a puddle of liquid on its floor on the day and time of the plaintiff's fall. The defendant did vigorously challenge the extent of the plaintiff's claimed injuries. The defendant also fiercely contested the plaintiff's claim that the store had notice of the spilled soda. In fact, the issue of whether or not the defendant had notice of the spilled soda was the central liability issue in dispute in the case.
During the trial, to support its claim of disputed liability, the defendant attempted to introduce deposition testimony in lieu of producing one of its proposed witnesses. The proposed witness was a former employee of the defendant. The defendant moved that the court allow the deposition testimony and introduced evidence that the witness resided in Torrington at the time of the trial. Additionally, the defendant offered evidence that the witness' residence was more than 30 miles from the Meriden courthouse. Therefore, the defendant sought to use the deposition testimony of the witness pursuant to § 13-31 (a)(4)(B). The court denied the defendant's request, finding that the defendant had failed to make an adequate showing to satisfy the practice book requirements.
Many of the facts in this case were hotly contested, and the jury, in order to resolve the matters before them, would have had to adopt one party's version of certain facts and reject the others. Upon the completion of the evidence, the parties agreed to interrogatories for submission to the jury. To those interrogatories, the jury responded as follows:
1. Did the defendant have constructive knowledge of the spilled soda?
Answer: Yes
2. Was the plaintiff's fall caused by the spilled soda?
Answer: Yes
ARGUMENTS OF THE PARTIES
In its motions for directed verdict and to set aside the CT Page 898 verdict, the defendant requests that this court hold that the jury could not have found that the defendant had constructive notice of the spill which purportedly caused the plaintiff's fall. Additionally, defense counsel, at oral argument requested that this court make a finding that the plaintiff's testimony was not credible, as a matter of law, in light of the plaintiff's inconsistent and somewhat incredible testimony about prior medical treatment. The plaintiff maintains that it produced sufficient evidence to support a finding of constructive notice by the jury.
The defendant, in support of its motion for a new trial, argues that it presented sufficient evidence to establish that the witness resided more than thirty miles from the courthouse, and that it was therefore entitled to offer portions of the witness' deposition testimony pursuant to Practice Book § 13-31.[1] The defendant contends that the court erred in construing § 13-31 to require it, as the proponent of deposition testimony, to proffer evidence that the deponent was actually located more than thirty miles from the courthouse at the time of the trial. The plaintiff responds that the admissibility of such evidence is discretionary and that, absent a showing that the witness was unavailable to testify at trial, the court did not abuse its discretion in excluding the deposition testimony.
ISSUES IN DISPUTE
The issues in dispute are: whether the court properly submitted the issue of notice to the jury; whether the court properly accepted the jury's verdict as supported by credible evidence; and whether the court correctly excluded deposition testimony offered by the defendant at trial based on the court's determination that the defendant failed to establish that the deponent was more than thirty miles from the courthouse at the time of the trial.
For reasons more fully set forth below this court holds that it was proper and not error to submit the case to the jury and to accept the verdict in favor of the plaintiff. Additionally, this court holds that it did not err in excluding the deposition testimony of the defendant's proposed witness.
DISCUSSION
 MOTION TO SET ASIDE THE VERDICT: FACTS SUPPORTING A FINDING OF
CT Page 899 NOTICe
Based on the evidence presented at trial, the jury could have reasonably found the following facts. The plaintiff entered the Wal-Mart store in Wallingford to shop with his wife and daughter on June 7, 1997. In the store, there was a McDonald's which sold food and beverages. As he shopped, the plaintiff pushed around a shopping cart, which he gradually filled with merchandise. As the plaintiff was walking down one of the aisles, he slipped and fell backwards. The fall, which was caused by a puddle of liquid on the floor, caused him to sustain physical injuries. While he was on the floor, the plaintiff noticed a puddle of liquid, which appeared to be cola. The spill had dried around the edges and when the plaintiff touched the liquid, it was sticky. Although the defense elicited testimony from the plaintiff that there were pieces of ice in the puddle, the jury could have found, based on the plaintiff's testimony, that the ice was in small pieces and was not the size of the ice that is normally found in soda sold at McDonald's.
The testimony of the plaintiff was, at times, incredible, inconsistent, and amazing; ie his testimony that there was ice in the puddle and that it was sticky; his testimony that the puddle was spreading and that it was dried around the edges; his testimony that he forgot that he had treated for similar injuries more than 40 times previously. Nonetheless, the plaintiff did testify to facts which, if believed by the jury, could form the basis for a conclusion that the puddle of soda had been on the floor for a sufficient period of time to give the defendant constructive notice of the spill.
Constructive Notice
To prove his case, the plaintiff had to establish that the defendant had constructive notice of the puddle of liquid. "Whether the defendant had constructive notice of this condition turns on the question of whether the condition had existed for a length of time sufficient for the employees of the defendant, in the exercise of due care, to have discovered the defect in time to have remedied it. McCrorey v. Heilpern, 170 Conn. 220, 221,365 A.2d 1057 (1976); Schwarz v. Waterbury Public Market, Inc.,6 Conn. App. 429, 432, 505 A.2d 1272 (1986)." Kapolotis v. ShoeRite Supermarket, Inc., 14 Conn. App. 250, 251, 540 A.2d 376
(1988).
CT Page 900 Credibility of the Plaintiff
The primary proof the plaintiff presented to support his claim that the defendant had notice of the spill was his testimony regarding the nature of the puddle. Thus, his credibility, no doubt, played a significant role in the outcome of the trial. Assessing the credibility of witnesses is within the exclusive province of the jury, during a jury trial. Childs v. Bainer,235 Conn. 107, 112, 663 A.2d 398 (1992). While this court was certainly underwhelmed by the plaintiff's case and found that the plaintiff's testimony raised questions as to its veracity, it would not only he improper for this court to substitute its judgment of the plaintiff's credibility for the jury's, it would violate the fundamental rules of our jury system and the plaintiff's constitutional right to a jury trial.
 "Litigants have a constitutional right to have factual issues determined by the jury. . . . This right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of trial by jury includes the right to have issues of fact as to which there is room for a reasonable difference of opinion among fair-minded men passed upon by the jury and not by the court. . . ."
Childs v. Bainer, 235 Conn. 107, 112.
Had the parties wished for the court to make the credibility determination, they could have elected or agreed to a trial by the court. Having submitted the issues to the jury, this court is unwilling, given the mandates of our state's constitution, to impermissibly trespass on territory within the sole province of the jury.
The question in this case was not whether the evidence was so speculative as to require that the verdict be set aside. The plaintiff offered direct testimony on the nature of the spill which would clearly support a conclusion that the spill had been on the floor for a lengthy period of time, thus supporting a finding that the defendant had constructive notice. Rather, the question in this case was whether or not the jury should have believed the testimony of the plaintiff. That is an issue the jury decided for themselves. In fact, in its charge to the jury on the issue of witness credibility, the court instructed the jury that: CT Page 901
 "If you find that a witness has not testified accurately with respect to one fact, that does not necessarily mean that he is wrong on every other point. A witness may be honestly mistaken on one point of his testimony and be accurate on others.
 However, if you find that a witness has deliberately lied on any material point, any important point, it is natural that you may be suspicious of his testimony on all points. Under those circumstances, you may disbelieve the witness's entire testimony according to your own sound judgment.
 In the final analysis using the principles just stated, give the testimony of each witness and the other evidence the credibility you think it deserves."
After receiving the evidence and these instructions, the jury made its decision. It would be improper for the court to change or even challenge that decision. Accordingly, the defendant's motions for directed verdict and to set aside the verdict is denied.
 MOTION FOR A NEW TRIAL: WHETHER DEPOSITION TESTIMONY WAS PROPERLY EXCLUDED
The defendant argues that even if the motion for directed verdict is denied and even if the verdict is not set aside it is entitled to a new trial because the court failed to allow it to introduce the deposition testimony of a witness that it claimed was unavailable. The defendant proffered the deposition testimony of a witness who resided in Torrington at a location that was more than 30 miles from the courthouse. The defendant introduced evidence of the witness' address, excerpts from the Connecticut Register which identified the distance from Torrington to Meriden, a subpoena and a map. The defendant argued that the witness was a traveling salesperson whose precise location on the day in question could not be ascertained.
Relying on Connecticut Practice Book section 13-31(a)(4)(B) the defendant argued that it should be allowed to use the deposition testimony of the witness, in lieu of presenting live testimony. Practice Book § 13-31(a) provides, in part: "At the trial of a civil action . . . any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were there present and testifying, may be used CT Page 902 against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions: . . . (4) The deposition of a witness . . . whether or not a party, may be used by any party for any purpose if the judicial authority finds: . . . (B) that the witness is at a greater distance than thirty miles from the place of trial or hearing or is out of the state and will not return before the termination of the trial . . . unless it appears that the absence of the witness was procured by the party offering the deposition. . . ." (Emphasis added).
The Connecticut Supreme Court has stated: "The admissibility of a deposition into evidence under Practice Book § 248 [now Practice Book (1998 rev.) § 13-31] is permissive in nature, leaving the ultimate determination to the trial judge. . . . On appeal, the trial court's rulings on the admissibility of evidence are accorded great deference. . . . land] will be disturbed only upon a showing of clear abuse of discretion. . . . The party making the claim of error has the burden of showing that the court clearly abused its discretion." (Citation omitted; internal quotation marks omitted.) Cahn v. Cahn, 225 Conn. 666,678, 525 A.2d 954 (1987).
The Supreme Court and the Appellate Court have not specifically ruled on the standards that a trial court should use to determine whether a witness "is at a greater distance than thirty miles from the place of trial or hearing." The parties both concede that there is a dearth of caselaw addressing this particular section of the practice book, or that of its predecessor, Section 248(1)(d)(2). The cases cited by the parties apply to the situations in which the witness is not only more than 30 miles from the site of the hearing or trial, but is also out of state, and beyond the subpoena power of the parties. Accordingly, although those cases are useful in understanding the applicability of the practice book section in certain situations, they provide no direct guidance to this court.
However, the decision of the Appellate Court in Mack v.LaValley, 55 Conn. App. 150, ___ A.2d ___ (1999), supports this court's conclusion that a trial court must consider the location of the witness at the time the deposition testimony is offered at the trial, and not merely where the witness resides. In this recent case, the defendant argued that the trial court erred in admitting the deposition testimony of one of the plaintiff's CT Page 903 witnesses because the plaintiff did not present sufficient evidence that the witness was unavailable, as required by § 13-31. See id., 153. Noting that the plaintiff presented evidence both that "fair and reasonable efforts" were made to locate the witness, including telephone calls made the day of the trial, and that the witness, "at the time was not within thirty miles of the place of the trial," the Appellate Court held that the defendants "failed to demonstrate that the trial court clearly abused its discretion in finding that the witness was at a distance greater than thirty miles from the place of trial, as set forth in the rules of practice." (Emphasis added.) Id., 154; see also GatewayCo. v. DiNoia, 232 Conn. 223, 237, 654 A.2d 342 (1995) ("Section 243(d) [now Practice Book (1998 rev.) § 13-31 (a)(4)] provides that depositions can be admitted into evidence, implicitly for any purpose, if the deponent is shown to be unavailable.");Crochiere v. Board of Education, 227 Conn. 333, 356,630 A.2d 1027 (1993) ("A requirement for the use of former testimony is the present unavailability of the witness whose testimony is sought. . . .".[2]
The literal language of the practice book section is clear and unambiguous. This court construes the practice book rule to require more than a mere showing of the place of residence of a Connecticut witness before the use of that witness' deposition testimony may be used in a trial in lieu of the presentation of live testimony. The court's position is supported, not only by the holding in Mack v. LaValley, but also by the interpretation the federal courts have applied to the analogous federal rule. Section 13-31 (d) is substantially similar to Rule 32(a)(3)(B) of the Federal Rules of Civil Procedure. "[W]here a state rule is similar to a federal rule [the court will] review the federal case law to assist [its] interpretation of our rule." (Internal quotation marks omitted.) SFP Tisca v. Robin Hill Farm, Inc.,244 Conn. 721, 727-28, 711 A.2d 1175 (1998). Rule 32(a) of the Federal Rules of Civil Procedure provides, in pertinent part: "At the trial . . . any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with the following provisions . . . (3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds . . . (B) that the witness is at a greater distance than 100 miles from the place of trial . . . or is out of the United States, unless it appears that the absence CT Page 904 of the witness was procured by the party offering the deposition. . . ."[3]
While it is true, that courts generally accept evidence that the witness resides out of state as sufficient to support a finding that the use of deposition testimony of the witness should be permitted[4], this court does not believe that the address of the deponent is the dispositive fact when the deponent resides within the state of Connecticut[5]. Rather, this court prefers to adopt an approach which is implicitly approved by the Connecticut appellate court, (See Mack v. Lavalley,55 Conn. App. 150, ___ A.2d ___ (1999)); and explicitly approved by the Federal Court.
Under Rule 32, as under the Connecticut rule, "[t]he party seeking to admit the deposition must prove that the requirements of . . . Rule 32(a)(3) . . . have been met." In re Air CrashDisaster at Stapleton International Airport, 720 F. Sup. 1493,1502 (D. Colo. 1989); see also Allgeier v. United States,909 F.2d 869, 876 (6th Cir. 1990); Moore v. Mississippi Valley StateUniversity, 871 F.2d 545, 552 (5th Cir. 1989). A trial court's decision is discretionary and will not be disturbed "absent a clear showing of discretion misused." Daigle v. Maine MedicalCenter, Inc., 14 F.3d 684, 691 (1St Cir. 1994).
The federal courts have determined that the phrase in Rule 32(a)(3) that "the witness is at a greater distance than 100 miles from the place of trial . . ." requires the party offering the deposition to show that, at the time the deposition is offered, the deponent is "not present within 100 miles of the courthouse. . . ." United States v. International BusinessMachines Corp. , 90 F.R.D. 377, 383 (S.D. N.Y. 1981); see alsoHartman v. United States, 538 F.2d 1336, 1345 (8th Cir. 1976). In a protracted case, "the time at which the deponent's location should be examined should extend beyond the time of offering to include any point during presentation of proponent's case when a trial subpoena could have been served." United States v.International Business Machines Corp. , supra, 90 F.R.D. 383; see also SCM Corp. v. Xerox Corp. , 77 F.R.D. 16, 18 (D. Conn. 1977). The proponent of the deposition can meet its burden by providing sufficient evidence that, at the time the deposition is offered or could be offered, either (1) the witness is actually located outside the 100 mile radius; Carey v. Bahama Cruise Lines,864 F.2d 201, 204 (1st Cir. 1988); Williams v. Hughes Helicopters, Inc., 806 F.2d 1387, 1393 (9th Cir. 1986); or (2) the witness CT Page 905 resides and works more than 100 miles from the courthouse, "so long as there is some evidence that the witness is actually at his residence [or place of employment]." SCM Corp. v. XeroxCorp. , supra, 77 F.R.D. 18; see also Mark IV Properties, Inc. v.Club Development Management Corp. , 12 B.R. 854, 858, 32 Fed.R. Serv.2d (Callaghan) 1172, 1176 (Bankr. S.D. Cal. 1981). The witness' incidental presence within the 100 mile radius, if unrelated to his residence, business or the litigation, will not render his deposition admissible. United States v. InternationalBusiness Machines Corp. , supra, 90 F.R.D. 383. Thus "[i]f a deponent both resides and works beyond the 100 mile radius, this court will bar deposition use only if it determines that during presentation of proponent's case the deponent had contact with proponent or proponent's counsel in connection with this case within the 100 mile range." Id.
As noted by one court, "[r]esidence obviously cannot be the pertinent place for measurement in all cases, because a deposition should be usable when a witness resides within 100 miles but is abroad for the duration of the trial. On the other hand, the rule cannot be read so literally as to permit deposition use if the witness `is' beyond the 100 miles at the precise moment the deposition is offered, but is within 100 miles, whether living or working, at other days on which the trial, or at least the proponent's case, is in progress. . . . If the witness lives beyond 100 miles but is actually present in the courtroom, use of the deposition has been considered to be error, albeit harmless. . . ." (Citation omitted.) SCM Corp. v. XeroxCorp. , supra, 77 F.R.D. 17.
Although some trial courts have relied on a witness' deposition testimony as to his residence to determine whether the witness is beyond the 100 mile radius, "none appears to have done so in a case where selection of residence or some other location of the witness made any difference." Id. In addition, in such cases, the courts usually cite to additional factors which indicate that the witness is actually outside the 100 mile radius at the time the time the deposition was offered. See, e.g., Daigle v. MaineMedical Center, Inc., supra, 14 F.3d 691 (witness stated he would soon move to location outside radius and sent letter stating he was unable to leave new location to testify); Hartman v. UnitedStates, supra, 538 F.2d 1346 (deposition testimony, less than seven months prior to offer, showed witness resided outside radius, and evidence indicated he had no reason to return); Hertzv. Graham, 292 F.2d 443, 448 (2nd Cir. 1961) (witnesses testified CT Page 906 they resided outside radius and offeror's attorney attempted to locate them, but was not successful).
Thus, federal courts generally do not hold that the deposition of a witness who resides outside the 100 mile radius is automatically admissible. Indeed, some courts have imposed additional conditions on the admissibility of such depositions. For example, in In re Air Crash Disaster at StapletonInternational Airport, supra, 720 F. Sup. 1502, the court outlined a "test to determine the admissibility of deposition testimony in lieu of testimony at trial [of witnesses who reside outside the 100 mile radius]." Id. "Because of the judicial preference for personal testimony in court, the court must balance various factors toward the ends of fairness: (1) offeror's need for the evidence to be presented through the deposition, (2) opportunity provided the opponent to cross-examine the deposition witness on those issues, (3) nature of the evidence to be presented, (4) jury's need to observe the demeanor and credibility of the witness, and (5) actual unavailability of the witness, as distinguished from mere geographic distance from the courthouse." Id.; but see Daigle v. Maine Medical Center, Inc., supra, 14 F.3d 691-92 ("Distance is the decisive criterion: so long as a witness is shown to be more than one hundred miles from the place of trial, the admissibility of deposition testimony under the aegis of Rule 32(a)(3)(B) is not contingent upon a showing that the witness is otherwise unavailable."). Furthermore, in explicitly rejecting a proponent's argument for automatic admissibility of deposition testimony based solely on residence, one court stated approvingly, "[t]he trial judge appropriately considered surprise to opposing counsel." Polys v. Trans-Colorado Airlines, Inc.,941 F.2d 1404, 1410 (10th Cir. 1991); see also Alfonso v. Lund,783 F.2d 958, 960-61 (10th Cir. 1986).[6]
The use of deposition testimony in lieu of the production of a live witness is reasonable as an exception, not as a standing rule. Therefore, courts must ensure that such use is fair. Fairness is achieved when a party establishes that a deponent truly is 30 miles or more from the place of the trial, or when the party establishes that he/she has attempted to and is unable to ascertain the location of a witness/deponent. Finally, although this court is hesitant to state that a party must prove that it made an effort to obtain the presence of a witness, in a case involving a Connecticut witness, this court believes that such a showing would not only satisfy the requirement that a party has not procured the absence of the witness, but would also CT Page 907 support a finding that the use of the deposition testimony of the witness should be allowed.
Accordingly, it is the holding of this court that Practice Book § 13-31(a)(4)(B) should be construed to require that a party offering deposition testimony at trial must establish that, at the time the deposition is offered, or could be offered, the witness is located more than thirty miles from the place of the trial. In the present case, the defendant did not prove this, and therefore the court did not err in excluding the deposition testimony.
CONCLUSION
For the foregoing reasons, this court holds that there was sufficient evidence upon which the jury could rely to conclude that the defendant had constructive notice of the spilled soda. This court also concludes that the defendant did not sufficiently establish that he was entitled to use the deposition pursuant to the practice book. Accordingly, it denies the defendant's motions for directed verdict, to set aside the verdict and for new trial.
Angela Carol Robinson Judge