**Ronald KOLB, Plaintiff,**

v.

**The COUNTY OF SUFFOLK, et al., Defendants.**

**No. 79 CV 1065.**

United States District Court,
E.D. New York.

Dec. 26, 1985.

Patricia M. Rodenhausen, Acting Regional Sol., U.S. Dept. of Labor, New York City by Luis A. Micheli, for plaintiff.

Michael H. Soroka, Speno Goldberg Moore Margules & Corcoran, P.C., Mineola, N.Y., for defendants.

SHIRA A. SCHEINDLIN, United States Magistrate.

Defendant, County of Suffolk, moves to reargue an order of the court allowing plaintiff to introduce at trial the depositions of eight county employees in lieu of calling these witnesses to give live testimony.[1] The order was based on Rule 801(d)(2)(D) which defines as "not hearsay" a statement offered against a party and made by his agent or servant "concerning a matter within the scope of his ... employment made during the existence of the relationship."

Defendant concedes that the depositions of its eight employees are not hearsay as defined by the Federal Rules of Evidence. Nonetheless, defendant urged initially and again on reargument that the admissibility of depositions at trial must be governed by Fed.R.Civ.P. 32. In response, the court found that Rule 32 "does not prevent the court from receiving deposition testimony otherwise admissible under the rules of evidence." Order of November 6, 1985, citing *United States v. IBM*, 90 F.R.D. 377, 384 (S.D.N.Y.1981).

DISCUSSION

A. *Fed.R.Civ.P. 32*

■ Rule 32 of the Federal Rules of Civil Procedure provides that depositions may be offered in lieu of live testimony in certain circumstances. As a prerequisite, the Rule notes that the deposition may only be used insofar as it is admissible under the rules of evidence and that the party against whom it is offered was present at or had notice of the deposition. Defendants do not dispute that the eight depositions here meet the prerequisites. The circumstances permitting the use of depositions include (1) impeachment of a witness; (2) the deposition testimony of an officer, director, managing agent, or person designated to testify on behalf of an institutional party; (3) the deposition testimony of an unavailable witness;[2] and, finally, (4) when

such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

Fed.R.Civ.P. 32(a)(3)(E).[3]

Because plaintiffs are urging the use of these depositions on their direct case in lieu of live testimony the impeachment exception does not apply. At the hearing on this motion plaintiff conceded that the witnesses did not testify on behalf of the institutional defendants, nor are they presently unavailable. Finally, it is apparent to this court that there are no exceptional circumstances warranting the substitution of deposition testimony for the live testimony favored by the Federal Rules of Civil Procedure.

B. *The Preference for Live Testimony*

Despite the fact that plaintiff cannot satisfy the requirements of Rule 32 concerning the use of depositions at trial, plaintiff argues that the depositions are nonetheless

---

1. The initial order was entered by Judge Jane Restani, then sitting by designation in the Eastern District of New York. On consent of the parties the case has been transferred to this court. The motion to reargue was originally made to Judge Restani. This court gives *de novo* consideration to the issues raised in this motion.

2. A witness is unavailable if he is deceased, more than 100 miles from the courthouse, aged, infirm, imprisoned, or unable to be subpoenaed.

3. The decision as to the admissibility of deposition testimony at trial is within the discretion of the trial court. *Reeg v. Shaughnessy*, 570 F.2d 309, 316–17 (10th Cir.1978).

independently admissible under Rule 801(d)(2)(D) of the Federal Rules of Evidence.

In *United States v. IBM, supra,* the court held that Rule 804 of the Federal Rules of Evidence, concerning the unavailability of a witness, provides an independent ground for the admission of deposition testimony. However, these depositions were also clearly admissible under Fed.R.Civ.P. 32(a)(3). Rule 804 presented only an additional basis for admission. Both of these rules deal with unavailability and limit the use of substitutes for live testimony to special and compelling circumstances.

■ If the depositions here were admitted pursuant to 801(d)(2)(D), as an independent basis for admissibility, a precedent would be set for trial by deposition. Live testimony is always preferred as it provides the trier of fact the opportunity to observe the demeanor of the witness. *IBM,* 90 F.R.D. at 381. Further, when depositions are submitted in place of live testimony, the trial judge is denied the opportunity to question the witness. Clearly, testimony by deposition is less desirable than oral testimony and should be used as a substitute only under very limited circumstances. *Arnstein v. Porter,* 154 F.2d 464, 470 (2d Cir.1946); *Napier v. Bossard,* 102 F.2d 467, 469 (2d Cir.1939) (Learned Hand, J.) *See also, Lamb v. Globe Seaways, Inc.,* 516 F.2d 1352, 1355 (2d Cir.1975) (Oakes J., dissenting); *Salsman v. Witt,* 466 F.2d 76, 79 (10th Cir.1972); *Newburger, Loeb & Co., Inc. v. Gross,* 365 F.Supp. 1364, 1370 (S.D. N.Y.1973). This policy is embodied in Fed. R.Civ.P. 32(a)(3)(E) which refers to the "due regard" to be given "to the importance of presenting the testimony of witnesses orally in open court ..." *See* 4A Moore's Federal Practice ¶ 32.05 at 32–30 (2d ed. 1981).

### C. The Requirement of Reading The Civil Procedure Rules and The Evidence Rules Cumulatively

■ The question of admissibility of a deposition must be determined by reference to both Fed.R.Civ.P. 32(a) *and* the Federal Rules of Evidence. *Id.* at ¶ 32.-02[1] at 32–11. "... Rule 32(a) and the Evidence Rules are *cumulative.*" *Id.* (emphasis added).

> In considering the use of depositions at a trial ... the problem has two aspects. First, the conditions set forth in Rule 32(a) *must* exist before the deposition can be used at all. Second, when it is found that these conditions authorize the use of the deposition, it must be determined whether the matters contained in it are admissible under the rules of evidence.

8 Wright & Miller, Federal Practice and Procedure Civil § 2142 at 449 (1971) (emphasis added). *See also Securities and Exchange Commission v. American Realty Trust,* 429 F.Supp. 1148, 1178 n. 27 (E.D.Va.1977), rev'd on other grounds, 586 F.2d 1001 (4th Cir.1978) (the statements in a deposition admissible under the Federal Rules of Civil Procedure must also be admissible under the Federal Rules of Evidence); Shepards, Discovery Proceedings in Federal Practice § 6.51 (1983); *Cf. Rule v. Int'l Assoc. of Bridge, Structural and Ornamental Ironworkers, Local Union No. 396,* 568 F.2d 558, 569 n. 17 (8th Cir. 1977) (depositions in prior proceeding admissible under Fed.R.Evid. 801(d)(2)(D) whether or not deponents are unavailable; however, depositions are covered by Fed.R. Civ.P. 32(a)(2)).[4] As noted earlier, the depositions offered in the case before this court are not covered by Rule 32.

### D. The Scope of Fed.R.Evid. 801(d)(2)(D)

Assuming, *arguendo,* that Fed.R.Evid. 801(d)(2)(D) does provide a separate basis

---

**4.** The depositions at issue satisfied the requirements of Fed.R.Civ.P. 32(a)(2). *Aetna Cas. & Sur. Co. v. Guynes,* 713 F.2d 1187, 1194 (5th Cir.1983) (Rule 32(a)(2), F.R.Civ.P. has been consistently interpreted to allow a party to introduce the deposition of an adversary's agents regardless of their availability at trial); *Fey v.*

*Walston & Co., Inc.,* 493 F.2d 1036, 1046 (7th Cir.1974) (depositions of officers, directors or managing agents may be introduced as part of the adversary's substantive proof regardless of the party's availability to testify). In addition, the depositions in the prior case were part of the record.

to admit the depositions, the Rule is rarely applied to allow admission of whole depositions of witnesses who could easily appear at trial on a party's direct case. Rather, the Rule is primarily used to admit an out of court statement of a party's employee or agent related by a witness testifying in court. *Astra Pharmaceutical Products, Inc. v. OSHRC,* 681 F.2d 69, 73 n. 8 (1st Cir.1982) (health inspector's recounting of the statements of two employees of plaintiff admissible under the Rule); *B–W Acceptance Corp. v. Porter,* 568 F.2d 1179, 1183 (5th Cir.1978) (co-defendant may testify as to what plaintiff's branch manager said at prior trial); *Carl Wagner & Sons v. Appendagez, Inc.,* 485 F.Supp. 762, 774 (S.D.N.Y.1980) (plaintiff's testimony regarding the statements of three of defendant's employees admissible under the Rule). The Rule is also frequently used to admit written reports, letters and memoranda of a party's employee or agent. *See, Westmoreland v. CBS, Inc.,* 601 F.Supp. 66, 68 (S.D.N.Y.1984) (parts of defendant's senior executive producer's report which were *equally available from other sources* were inadmissible) (emphasis added); *Zenith Radio Corp. v. Matsushita Electrical Industries, Ltd.,* 505 F.Supp. 1190, 1274 (E.D.Pa.1980) (portions of defendant's employee's diary admissible). The Rule has also been used to admit portions of depositions for impeachment purposes. *Henson v. City of Dundee,* 682 F.2d 897, 908 n. 16 (11th Cir.1982); *Town of East Troy v. Soo Line R. Co.,* 653 F.2d 1123, 1133 (7th Cir. 1980). These statements are of course admissible under Rule 32(a)(1).

It is apparent from this review, that Rule 801(d)(2)(D) was not intended to permit the introduction of eight of defendant's employees' entire depositions for substantive purposes where the employees are readily available to testify at trial.

### E. *Time and Cost Factors*

Finally, plaintiff urges that to call the witnesses at trial would waste the court's time and the litigants' time and money. Because plaintiff intends to question each of the employees solely concerning the matters as to which he was deposed, plaintiff insists it would be far simpler to admit the depositions. While recognizing the validity of this argument, I am persuaded that the strong policy favoring live testimony in the federal courts, the policy requiring that the civil procedure rules and the evidence rules be read cumulatively, the availability of the employees, plaintiff's intention to establish his entire case by the introduction of these depositions, the court's desire to hear and possibly question a witness, all mitigate against allowing the admission of these depositions.

### CONCLUSION

For the reasons set forth above, in the exercise of this court's discretion, defendant's motion prohibiting the use of depositions of its employees in lieu of live testimony is granted. Defendant is ordered to make these witnesses available at trial should plaintiff wish to call any on his direct case.

SO ORDERED.