**The LONG ISLAND SAVINGS BANK, FSB, and The Long Island Savings Bank of Centereach FSB, Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 92–517–C.**

United States Court of Federal Claims.

Dec. 7, 2004.

Richard C. Tufaro, Milbank, Tweed, Hadley & McCloy LLP, Washington, D.C., for plaintiffs. With him on the briefs were David S. Cohen and Andrew M. Leblanc, Milbank, Tweed, Hadley & McCloy LLP.

Jerome A. Madden, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C., for

defendant. With him on the briefs were Deputy Assistant Attorney General Stuart E. Schiffer, David M. Cohen, Director, and Jeanne E. Davidson, Deputy Director, Timothy J. Abraham, Cheryl L. Evans, Elizabeth A. Holt, Elizabeth M. Hosford, Jonathan S. Lawlor, Brian L. Owsley, and John H. Roberson, Washington, D.C.

## ORDER

LETTOW, Judge.

This *Winstar*-related case[1] is scheduled for trial on liability and damages beginning on January 18, 2005 and lasting twenty-eight days.[2] In connection with their preparations for trial, plaintiffs ("Long Island") have filed two motions, one styled Plaintiffs' Motion for Order Authorizing Plaintiffs to Conduct Voluntary, Confidential Interviews Outside the Presence of Counsel for the Defendant with Trial Witnesses Who Are Former Government Employees ("Interview Mot."), and the other, Plaintiffs' Motion for Leave to Present Substantive Evidence by Way of Deposition Testimony ("Deposition Testimony Mot."). The issues raised by these motions reprise procedural and evidentiary questions addressed in other *Winstar*-related cases. For the reasons that follow, the court grants Long Island's Interview Motion and grants in part and denies in part its Deposition Testimony Motion.

### A. Confidential Interviews Of Former Thrift Agency Regulators

Long Island's Interview Motion seeks (1) an order compelling the government to provide the addresses and telephone numbers of the witnesses not being represented by the government's trial counsel in this matter who are former employees of the Federal Deposit Insurance Corporation ("FDIC") and the Office of Thrift Supervision ("OTS") or the predecessors of those agencies; (2) an opportunity to contact any such witnesses and representatives of the pertinent agency to request that they participate in interviews outside the presence of trial counsel for the government, and an order preventing the agency monitors and witnesses participating in any such interviews from disclosing any contents of those interviews to the government's trial counsel; and (3) an opportunity to contact counsel for FDIC and OTS to obtain written declarations of custodians of records in accordance with Rule 902(11) of the Federal Rules of Evidence. In response to these requests, the government (1) asserts that the Privacy Act precludes the government from providing Long Island the addresses and telephone numbers of current or former government employees; (2) repeats substantially verbatim the arguments it put forward in its opposition to a request for voluntary, confidential interviews in *American Federal Bank, FSB v. United States*, 60 Fed.Cl. 493 (2004); and (3) contends that Rule 4.2 of the Model Rules of Professional Conduct prohibits Long Island's counsel from contacting counsel for OTS or FDIC for the purpose of obtaining written declarations of custodians of records.

1. *The Privacy Act does not relieve the government from complying with the court's orders respecting identification of witnesses.*

■ Long Island represents that the government's counsel has refused to provide the addresses and telephone numbers of each witness identified on the government's witness list, as required by Appendix A, Para-

---

1. *See United States v. Winstar Corp.*, 518 U.S. 839, 116 S.Ct. 2432, 135 L.Ed.2d 964 (1996).

2. In earlier phases of this case, genuine issues of material fact were found to exist respecting both liability and certain of plaintiffs' theories of damages. *See Long Island Sav. Bank, FSB v. United States*, No. 92–517C (Fed.Cl. Apr. 10, 2001) (Senior Judge Margolis's Order denying plaintiffs' and defendant's cross-motions on liability); *Long Island Sav. Bank, FSB v. United States*, 60 Fed.Cl. 80 (2004) (addressing the parties' cross-motions for summary judgment on damages). Previously, the court had also denied the government's motion for summary judgment and granted plaintiffs' cross-motion for summary judgment on government's counterclaims and affirmative defenses. *Long Island Sav. Bank, FSB v. United States*, 54 Fed.Cl. 607 (2002) (decision by Senior Judge Margolis rejecting the government's claim of forfeiture based on fraud and the related claims that any contract in this case is unenforceable because of fraud, that such contract should be rescinded, and that plaintiffs' prior material breach precluded damages).

graph 13(b) of the Rules of the Court of Federal Claims ("RCFC"),[3] or to specify which witnesses are not represented by the government's trial counsel. Interview Mot. at 2–3 (citing David S. Cohen Decl. ¶ 3). The government argues that the home addresses and telephone numbers of former government employees are protected by the Privacy Act, 5 U.S.C. § 552a, and it contends that this statute "establishes conditions under which agency records must be kept private and may be disclosed only to authorized individuals." Def.'s Opp'n to Interview Mot. at 4 (citing 5 U.S.C. § 552a(b)). The government ends its analysis with this contention, without acknowledging that disclosure of personal information can be made under the Privacy Act "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11).

The exception in the Privacy Act for actions taken under court order is satisfied here. Paragraph 2 of this Court's Scheduling Order issued in this case on May 24, 2004 specifically incorporated RCFC Appendix A, Paragraph 13 in setting the date for the meeting of counsel, at which meeting the parties were required to exchange, among other things, witness lists containing the addresses and telephone numbers of each witness listed. Thus, the government had an obligation to provide this information to Long Island's counsel. In addition, the government is obligated to inform Long Island's counsel which witnesses are former government regulators who are not represented in this matter by the government's trial counsel. In the circumstances presented here, where the government's witness list includes numerous government employees-some of whom are former employees and some of whom are represented by the government's trial counsel and others not-this information must be disclosed. The names of the witnesses whom the government represents and those it does not must be provided to enable opposing counsel to take account of Rule 4.2 of the Model Rules of Professional Conduct in conducting pre-trial interviews.[4]

Disclosure of the addresses and telephone numbers of named witnesses to opposing counsel ordinarily does not involve any substantial risk of contravening the Privacy Act. The disclosure of witnesses' addresses and telephone numbers is made only via the witness lists exchanged between the parties. *See* RCFC App. A, ¶ 13(b). The disclosure of such information is *not* made in the witness lists subsequently filed with the court and thus made available to the public as a court record. *See* RCFC App. A, ¶ 15(a). In this respect, remarkably, the government puts forward the subsidiary argument that Long Island "should be estopped by [its] own conduct," because "the witness list *filed* by the plaintiffs has provided none of the information that it seeks in its motion." Def.'s Opp. to Interview Mot. at 2 (emphasis added). This disingenuous argument by the government is rejected.

In short, the government must provide the addresses and telephone numbers of each witness listed on the government's witness list called for by RCFC Appendix A, Paragraph 13(b), and must identify any witnesses listed on either party's witness list who are not being represented by the government's trial counsel in this matter and who were previously employed by either FDIC or OTS or the predecessors of those agencies. The government shall disclose this information to Long Island's counsel on or before December 10, 2004.

### 2. The work product doctrine protects the contents of pre-trial interviews from disclosure.

■ As this court previously explained in *American Federal*, 60 Fed.Cl. at 497–99, the work product doctrine protects the contents

---

**3.** RCFC Appendix A, Paragraph 13(b) provides in pertinent part that at the meeting of counsel to prepare to make the trial submissions required by the rules, the parties shall "[e]xchange a final list of names, addresses, and telephone numbers of witnesses, including expert witnesses, who may be called at trial for case-in-chief or rebuttal purposes, except those to be used exclusively for impeachment." RCFC App. A, ¶ 13(b).

**4.** Rule 4.2 provides that "[i]n representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order."

of any interviews that the plaintiff thrift's counsel may conduct of former government regulators on a voluntary basis. In addition, in the circumstances presented in that case, the doctrine justified issuance of a protective order applicable to bar both agency monitors and the witnesses themselves from disclosing to the government's trial counsel any part of the interviews conducted by the plaintiff thrift's counsel. *Id.* at 499–500. Those same circumstances are presented in the instant case, and the government has not attempted to argue otherwise. Just as in *American Federal,* here "there is a substantial risk that the government's attorneys would attempt to acquire from both sets of individuals the disclosures made to them by [plaintiff's] counsel." *Id.* at 499.

The government's briefing on this issue has been virtually identical, word-for-word, to its brief on the issue in *American Federal. Compare* Def.'s Opp'n to Interview Mot. at 1–2, 4–10, *with* Def.'s Resp. to Pl.'s Mot. to Conduct Voluntary, Confidential Interviews of Trial Witnesses at 1–9 (*American Fed. Bank, FSB v. United States,* No. 95–498C (Mar. 30, 2004)). The only changes are the substitution of "Long Island" for "AmFed" and deletion of a reference to a particular witness in *American Federal* who is not listed as a witness in the instant case. *See id.* Given this circumstance, the court adopts fully the reasoning presented in its prior opinion and order in *American Federal.* Further elaboration is not necessary. The government's argument was not persuasive

in *American Federal,* and it has even less credibility here.

Accordingly, counsel for Long Island may contact former thrift agency regulators not being represented in this litigation by the government's trial counsel as well as representatives of the pertinent agency to request that they participate in interviews outside the presence of trial counsel for the government. In addition, the court issues a protective order to bar both agency monitors and the witnesses being interviewed from disclosing to the government's trial counsel any content of any interviews conducted by Long Island's counsel.

### 3. Long Island's counsel is not ethically barred from contacting agency counsel to certify records.

■ Finally, in connection with Long Island's desire to admit certain agency records through Fed.R.Evid. 803(6)[5] by way of a certification from the custodian of those records pursuant to Fed.R.Evid. 902(11),[6] Long Island seeks permission to contact agency counsel. Interview Mot. at 7. Presumably, Long Island would also seek to invoke Fed. R.Evid. 803(8) for this purpose.[7] Fed. R.Evid. 803(6) was amended in 2000 to provide for satisfaction of the foundation requirements for admissibility of records by way of written declarations of custodians of records and thereby to avoid "the expense and inconvenience of producing time-consum-

---

5. The "business records" exception to the hearsay rule, Fed.R.Evid. 803(6), explicitly incorporates Fed.R.Evid. 902(11) as follows:

A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, *or by certification that complies with Rule 902(11),* Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

Fed.R.Evid. 803(6) (emphasis added).

6. Rule 902(11) requires the written declaration of the custodian to certify that the record:

(A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;
(B) was kept in the course of the regularly conducted activity; and
(C) was made by the regularly conducted activity as a regular practice.

7. The "public records" exception to the hearsay rule, Fed.R.Evid. 803(8), pertains to "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency . . . ." The public-records exception is a close cousin to, and to an extent overlaps with, the business records exception. *See* Fed.R.Evid. 803(8) advisory committee's note (1972 Proposed Rules).

ing foundation witnesses." Fed.R.Evid. 803(6) advisory committee's note (2000 Amendment). The government objects that because its counsel represent both OTS and FDIC in this litigation, Long Island's counsel would be barred from contacting employees of those agencies by Rule 4.2 of the Model Rules of Professional Conduct, quoted *supra*, at 160 n. 4. Def.'s Opp'n to Interview Mot. at 11.

The government is mistaken about the application of Rule 4.2 to the circumstances at hand. The comments to that rule specify that "a lawyer having independent justification or legal authorization for communicating with a represented person is permitted to do so." Model Rules of Prof'l Conduct R. 4.2. cmt. 4. In the circumstances of this case, Fed.R.Evid. 803(6) and 803(8) together with Fed.R.Evid. 902(11) provide an independent justification for Long Island's counsel to contact OTS's and FDIC's counsel, *viz.*, to request a declaration of a custodian certifying certain agency records. However, to provide clarity and certainty, the court authorizes Long Island's counsel to contact OTS's and FDIC's counsel for this limited purpose. *See* Model Rules of Prof'l Conduct R. 4.2 (prohibiting communication with a person represented by counsel unless "authorized to do so by law or a court order"); *id.*, cmt. 6 ("A lawyer who is uncertain whether a communication with a represented person is permissible may seek a court order.").[8]

## B. Use Of Deposition Testimony As Substantive Evidence At Trial

Long Island seeks to present at trial deposition testimony as substantive evidence pursuant to Fed.R.Evid. 801(d)(2)(D)[9] of the following individuals: James Caton, Fred Cortese, Daniel Dionne, David Dorgan, Ruth Ann Esposito, Joseph Kehoe, James A. Meyer, Thomas Moore, Edward J. O'Connell, John F. Robinson, Stephen Rohrs, Michael Simone, and Thomas Smith. Deposition Testimony Mot. at 2–3. In addition, Long Island seeks to admit deposition testimony pursuant to RCFC 32(a)(2)[10] of Angelo Vigna, a witness designated by the government to testify on its behalf pursuant to RCFC 30(b)(6).[11] Deposition Testimony Mot. at 2–

8. The government's other arguments on this issue are not meritorious. First, the government wrongly characterizes Long Island's motion as "seek[ing] a court order *requiring* the Government to provide substantive assistance in preparing plaintiffs' case, through our client agencies." Def.'s Opp'n to Interview Mot. at 12 (emphasis added). Long Island seeks only authorization to contact agency counsel for the purpose of discussing the possibility of obtaining written declarations of custodians. Interview Mot. at 2. Long Island does not seek any order compelling the custodians to provide assistance. Second, the government's contention that Long Island is seeking to conduct untimely fact discovery, Def.'s Opp'n to Interview Mot. at 12, is misplaced. Any attempts by Long Island to satisfy the foundation requirements of Fed.R.Evid. 803(6) and 803(8) for admission of documentary evidence as substantive evidence at trial do not constitute discovery.

9. This rule provides, in relevant part: "A statement is not hearsay if... (2) Admission by a party-opponent. The statement is offered against a party and is ... (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship...." Fed.R.Evid. 801(d)(2)(D).

10. The rule provides:
At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:
...
(2) The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent, *or a person designated under RCFC 30(b)(6) or 31(a) to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a party may be used by an adverse party for any purpose.*
RCFC 32(a)(2) (emphasis added).

11. That rule provides, in pertinent part:
A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.
RCFC 30(b)(6).

3. In opposition, the government argues that the common law's preference for live testimony precludes admitting deposition testimony absent a showing that the witness is unavailable to testify personally at trial, Def.'s Opp'n to Deposition Testimony Mot. at 2–5, an argument squarely rejected by this court in *Globe Savings Bank, F.S.B. v. United States,* 61 Fed.Cl. 91, 94–95 (2004). Additionally, the government contends that Long Island failed to satisfy the requirements of Fed.R.Evid. 801(d)(2)(D). *Id.* at 5–8. Finally, the government argues that admissibility of deposition testimony pursuant to RCFC 32(a)(2) by way of RCFC 30(b)(6) is limited to testimony about matters on which the witness was designated to testify and that admission of any of Mr. Vigna's deposition testimony must therefore be so limited. *Id.* at 8.

1. *Fed.R.Evid. 801(d)(2)(D) does not require unavailability of the declarant as a witness.*

 As this court has previously had occasion to discuss in some detail, admissions of a party opponent are not hearsay. *Globe Sav.,* 61 Fed.Cl. at 94–95. The common law's preference for live testimony has no bearing on the use of party admissions as evidence. *Id.* In support of its disagreement with this court's reasoning on this issue in *Globe Savings,* the government cites four cases. Def.'s Opp'n to Deposition Testimony Mot. at 3–4. None of the four cases involves Fed.R.Evid. 801(d)(2)(D); rather, each addresses rules or statutes that explicitly require a showing of the unavailability of the witness: *Griman v.*

*Makousky,* 76 F.3d 151 (7th Cir.1996) (applying Fed.R.Civ.P. 32(a)(3)(B), (D), & (E));[12] *United States v. Mathis,* 559 F.2d 294, 299 (5th Cir.1977) (addressing Fed.R.Evid. 804[13] and Fed.R.Evid. 803(24) and observing that the latter rule "has a built-in requirement of necessity"); *Napier v. Bossard,* 102 F.2d 467, 468 (2d Cir.1939) (discussing Section 304 of the New York Civil Practice Act, which provided that "'a deposition taken within the state, except that of a party, taken at the instance of an adverse party ... shall not be read in evidence ... unless it appears to the satisfaction of the court that the deponent is then dead or is out of the state'"); *Speck v. United States,* 28 Fed.Cl. 254 (1993) (considering exceptions in Fed.R.Evid. 804). Thus, these cases are inapposite to the issue presented here.

Additionally, the government relies on *Kolb v. County of Suffolk,* 109 F.R.D. 125 (E.D.N.Y.1985), as "[a]n example of the analysis that should be undertaken prior to determining the admissibility of deposition testimony." Def.'s Opp'n to Deposition Testimony Mot. at 4. In that case, admission of deposition testimony pursuant to Fed. R.Evid. 801(d)(2)(D) was held to be dependent upon further satisfaction of the requirements of Fed.R.Civ.P. 32(a). *Kolb,* 109 F.R.D. at 127. Although the court in *Kolb* correctly observed that admission of deposition testimony as evidence under Fed. R.Civ.P. 32(a) is dependent upon meeting the requirements of the rules of evidence,[14] the court incorrectly assumed that the reverse is also true. That court's acute fear of what it expressed in dicta as "trial by deposition," *Kolb,* 109 F.R.D. at 127, may be

**12.** The pertinent provisions of Rule 32(a)(3) provide:

The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:
...
(B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition; or
...
(D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or

(E) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.
Fed.R.Civ.P. 32(a)(3)(B), (D), & (E).

**13.** Rule 804(a) defines "unavailability," and Rule 804(b) begins by providing that "[t]he following are not excluded by the hearsay rule if the declarant is unavailable as a witness ...."

**14.** This proposition is valid only because the plain text of RCFC 32(a) refers to "any part or all of a deposition, *so far as admissible under the rules of evidence.*" (Emphasis added, quoted more fully, *supra,* at 162 n. 10).

explained, at least in part, by "plaintiff's intention [in that case] to establish his entire case by the introduction of these depositions." *Id.* at 128. In all events, this court disagrees with the decision in *Kolb* and adheres to the reasoning set out in *Globe Savings*, 61 Fed.Cl. at 94–96. Notably, this court has been unable to locate any decision that has relied on *Kolb* for the propositions that Fed.R.Evid. 801(d)(2)(D) requires a showing of unavailability of the witness or that Fed.R.Evid. 801(d)(2)(D) is dependent upon RCFC 32(a). Those propositions contravene the plain and straightforward text of Fed.R.Evid. 801(d)(2)(D).

In short, Long Island need not demonstrate that any of the declarants whose deposition testimony it seeks to admit at trial pursuant to Fed.R.Evid. 801(d)(2)(D) will be unavailable as witnesses at trial.

2. *Long Island has satisfied the requirements of Fed.R.Evid. 801(d)(2)(D) for most of the proffered deposition testimony.*

■ "It is a 'widely accepted rule that admissions of a party-opponent under Rule 801(d)(2) are accorded generous treatment in determinations of admissibility.'" *Globe Sav.*, 61 Fed.Cl. at 96–97 (quoting *Aliotta v. National R.R. Passenger Corp.*, 315 F.3d 756, 761 (7th Cir.2003)). Of the deposition testimony Long Island seeks to introduce pursuant to Fed.R.Evid. 801(d)(2)(D), nearly all of the testimony of the thirteen deponents meets the three requirements of that rule.

First, proffered portions of the testimony of the named individuals, excepting only Mr. Vigna, constitute admissions because the portions are "offered against a party," in this case the United States, and are "statement[s] by the party's agent or servant." Fed. R.Evid. 801(d)(2)(D). " 'To qualify as an admission, no specific 'against interest' component is required.'" *Globe Sav.*, 61 Fed. Cl. at 97 (quoting *Aliotta*, 315 F.3d at 761).

Second, for most of the proffered testimony, Long Island has satisfied the requirement that an admission by a party's agent or servant must "concern[ ] a matter within the scope of the agency or employment." Fed. R.Evid. 801(d)(2)(D). " 'The only requirement is that the subject matter of the admission match the subject matter of the employee's job description.'" *Globe Sav.*, 61 Fed. Cl. at 97 (quoting *Aliotta*, 315 F.3d at 762). It is manifest that the subject matter of most of the deponents' various admissions matches the descriptions of the respective positions they held over the years, from their earliest position in a predecessor agency to their current position.[15]

Third, all of the deponents made their admissions "during the existence of [their]

---

**15.** *Compare* Cohen Decl. Ex. B (Caton Dep.) at 6:24 to 7:14, *with* 12:22 to 114:1 (James Caton); *compare* Cohen Decl. Ex. C (Cortese Dep.) at 16:19 to 18:5, *with* 5:14–18, 6:4 to 14:13, 18:6 to 49:13 (Fred Cortese); *compare* Cohen Decl. Ex. D (Dionne Dep.) at 11:9 to 20:24, *with* 5:21–25 to 6:2, 20:25 to 98:10 (Daniel Dionne); *compare* Cohen Decl. Ex. E (Dorgan Dep.) at 14:23 to 24:1, *with* 24:2 to 164:11, 171:8 to 250:13 (David Dorgan); *compare* Cohen Decl. Ex. F (Esposito Dep.) at 18:22 to 24:20, *with* 6:20 to 18:5, 24:24 to 131:25 (Ruth Ann Esposito); *compare* Cohen Decl. Ex. G (Kehoe Dep.) at 8:20 to 14:11, *with* 14:12 to 205:13 (Joseph Kehoe); *compare* Cohen Decl. Ex. H (Meyer Dep.) at 16:23 to 25:8, *with* 25:9 to 243–20 (James A. Meyer); *compare* Cohen Decl. Ex. I (Moore Dep.) at 11:8 to 17:11, *with* 6:3 to 10:7, 17:12 to 53:2 (Thomas Moore); *compare* Cohen Decl. Ex. J (O'Connell Dep.) at 17:25 to 27:17, *with* 27:18 to 265:10, 275:25 to 459:7 (Edward J. O'Connell); *compare* Cohen Decl. Ex. K (Robinson Dep.) at 9:8 to 23:21, *with* 23:22 to 233:20, 243:7 to 377:2 (John F. Robinson); *compare* Cohen Decl. Ex. L (Rohrs Dep.) at 14:18 to 17:6, *with* 10:13 to 13:18, 17:13 to 207:1, 211:7 to 295:11 (Stephen Rohrs); *compare* Cohen Decl. Ex. M (Simone Dep.) at 17:11 to 21:15, *with* 21:16 to 215:6 (Michael Simone); *compare* Cohen Decl. Ex. N (Smith Dep.) at 8:2 to 14:9, *with* 14:22 to 68:22 (Thomas Smith).

The government objects to eleven lines of Mr. O'Connell's testimony on the ground that it was outside the scope of his employment. Def.'s Opp'n to Deposition Testimony Mot. at 7 (citing Cohen Decl. Ex. J at 206:9–20). The government observes that two questions posed to Mr. O'Connell pertained to the Federal Saving and Loan Insurance Corporation ("FSLIC"), even though Mr. O'Connell was never employed by FSLIC. *Id.* However, these questions concern Mr. O'Connell's knowledge of the criteria used by FSLIC for determining what action to take with respect to a troubled thrift-and those criteria were applied by Mr. O'Connell in his preparation of memoranda recommending a course of action to FSLIC. Cohen Decl. Ex. J at 206:3–25. In other words, knowledge of FSLIC's criteria in this regard was well within the scope of Mr. O'Connell's duties. *See id.* at 206:21–25 ("Q. And you [Mr. O'Connell] in preparing an S-memorandum wouldn't recommend [a] merger to proceed if all

relationship" with the United States. Fed. R.Evid. 801(d)(2)(D).[16] There is no requirement that the particular agency at which a deponent was employed at the time of the deposition match the subject matter of the admissions. The party-opponent is the United States, not a particular agency. *See Globe Sav.*, 61 Fed.Cl. at 97.

In sum, the portions of the deposition testimony cited *supra*, at 164–65 n. 15 are admissible against the United States pursuant to Fed.R.Evid. 801(d)(2)(D).[17] If any of these deponents are not listed to testify as a live witness at trial, the government may identify additional portions of the appropriate deposition to be admitted and shall make such designations on or before December 20, 2004.

3. *Portions of Mr. Vigna's deposition testimony satisfy the requirements of RCFC 32(a)(2).*

■ Long Island does not request that Mr. Vigna's deposition testimony be admitted through Fed.R.Evid. 801(d)(2)(D) because he was no longer employed by the United States at the time of his deposition. Deposition Testimony Mot. at 2. Instead, Long Island seeks to introduce that testimony pursuant to RCFC 32(a)(2). Long Island represents that "the government designated portions of his deposition under RCFC 30(b)(6) after his deposition was concluded." *Id.* at 3 (citing Cohen Decl. Ex. P).[18] RCFC 30(b)(6) requires, among other things, that a party designating persons to testify on its behalf "may set forth, for each person designated, the matters on which the person will testify." In this case, the government reviewed the deposition transcript of Mr. Vigna and designated certain portions of his testimony pursuant to RCFC 30(b)(6). Cohen Decl. Ex. Q (Letter from Jerome A. Madden to David Cohen (Aug. 6, 1999)).[19] Thus, only those portions of Mr. Vigna's deposition testimony that the government specifically designated, cited *su-*

---

those things [criteria] weren't-if you were unconvinced of all those things, isn't that correct? A. That's correct.").

Finally, the government also objects to admission of the deposition testimony of Messrs. Moore, Smith, and Meyer on the ground that those individuals are not listed on Long Island's witness list. Def.'s Opp'n to Deposition Testimony Mot. at 10–11. This argument is unavailing. Fed.R.Evid. 801(d)(2)(D) does not require that the person who made the admission be listed on the proponent's witness list, nor do the requirements of RCFC Appendix A constrain the applicability of Fed.R.Evid. 801(d)(2)(D).

16. *See* Cohen Decl. Ex. B at 7:8–14 (James Caton, Manager of Financial Analysis, OTS); Cohen Decl. Ex. C at 17:20–24 (Fred Cortese, Senior Financial Analyst, OTS); Cohen Decl. Ex. D at 17:21 to 18:2 (Daniel Dionne, Assistant Regional Director of the New York Region, FDIC); Cohen Decl. Ex. E at 19:25 to 20:3, 21:24 to 22:3 (David Dorgan, Regional Deputy Director, Technical Exam Support, OTS); Cohen Decl. Ex. F at 10:7–8, 19:12 to 20:11 (Ruth Ann Esposito, Examiner, OTS); Cohen Decl. Ex. G at 9:7–13 (Joseph Kehoe, Field Manager, Philadelphia Region, OTS); Cohen Decl. Ex. H at 22:2–7 (James A. Meyer, Assistant Director, Division of Resolutions and Receiverships, FDIC); Cohen Decl. Ex. I at 11:9–10, 12:24 to 13:1, 13:18–20 (Thomas Moore, Field Examiner, FDIC); Cohen Decl. Ex. J at 18:25 to 19:4 (Edward J. O'Connell, Project Manager, OTS); Cohen Decl. Ex. K at 9:8–14 (John F. Robinson, Deputy Comptroller of Currency, Department of Treasury); Cohen Decl. Ex. L at 16:15–17 (Stephen Rohrs, Field Manager, OTS); Cohen Decl. Ex. M at 20:22 to 21:5 (Michael Simone, Regional Deputy Director, Operations, OTS); Cohen Decl. Ex. N at 13:21 to 14:2 (Thomas Smith, Applications Analyst, OTS).

17. Long Island alternatively seeks admission pursuant to RCFC 32(a)(2) of the deposition testimony of Messrs. Caton, O'Connell, Kehoe, and Rohrs, deponents whom the government designated to testify on its behalf under RCFC 30(b)(6). Deposition Testimony Mot. at 3–4. In light of the court's finding that this testimony is admissible pursuant to Fed.R.Evid. 801(d)(2)(D), the court does not reach the issue of whether the testimony is additionally admissible under Rule 32.

18. Exhibit P to the Declaration of David S. Cohen is a letter dated May 19, 1999 from Jerome A. Madden, counsel for the United States, to Russell E. Brooks, counsel for Long Island. In that letter, the government responded to Long Island's RCFC 30(b)(6) notice of deposition by designating certain individuals to testify with regard to thirty-four matters. Mr. Vigna was designated to testify on fourteen of those matters. However, Long Island did not file with the court its notice of deposition, and the record does not otherwise reveal the subject matter of each of the thirty-four listed items.

19. The portions of Mr. Vigna's deposition testimony so designated are as follows: Item 2: 143:18–24, 198:6–20; Item 3: 30:16 to 38:7, 41:6 to 60:6, 74:5 to 84:9, 105:12–17; Items 13–16: 19:24 to 27:12, 60:7 to 66:13, 68:9–25, 85:18 to 97:22, 100:13 to 102:21, 106:12 to 108:21,

*pra,* n. 19, are admissible at trial pursuant to RCFC 32(a)(2). The government may identify other portions of his deposition testimony to be admitted pursuant to RCFC 32(a)(4), and shall make any such request on or before December 20, 2004.

## CONCLUSION

For the reasons stated, the court grants Long Island's Interview Motion. The government shall disclose to Long Island the addresses and telephone numbers of each witness listed on the government's witness list required by RCFC Appendix A, Paragraph 13(b), and shall identify any witnesses listed on either party's witness list and who are not being represented by the government's trial counsel in the instant litigation. The government shall provide this information to Long Island's counsel on or before December 10, 2004. In addition, Long Island's counsel is authorized to contact former thrift agency officials and employees not being represented in this litigation by the government's trial counsel as well as representatives of the respective thrift agency, to request that the former officials and employees participate in interviews outside the presence of the government's trial counsel. In that connection, the court issues a protective order to bar any agency monitor and the witnesses being interviewed from disclosing to the government's trial counsel any content from interviews conducted by Long Island's counsel. Correspondingly, the government's counsel may conduct voluntary interviews of former employees of the plaintiff banks and their predecessors who are not being represented by plaintiffs' counsel, under comparable conditions and protections. Further, Long Island's counsel is authorized to contact counsel for OTS and FDIC for the purpose of requesting a declaration of a custodian certifying certain agency records.

The court also grants in part and denies in part Long Island's Deposition Testimony Motion. Specifically, the portions of the deposition testimony cited *supra,* 164–65 n. 15 and 165–66 n. 19 are admissible at trial. The

116:15 to 118:22; Items 21–23: 124:10–21; Items 27–30: 160:24 to 198:4. Cohen Decl. Ex.

government shall make any counter-designations on or before December 20, 2004. All of the deposition testimony identified in this order as admissible shall be read into the record of testimony at trial by persons designated by Long Island's counsel.

IT IS SO ORDERED.