**Michael JAUCH, Plaintiff-Appellee,**

**v.**

**Joe CORLEY, Sheriff of Montgomery County, Texas, Defendant-Appellant.**

**No. 86–2718.**

United States Court of Appeals, Fifth Circuit.

Oct. 19, 1987.

Robert E. DeLong, Jr., Huntsville, Tex., for defendant-appellant.

Steve Bickerstaff, Ann Clarke Snell, Austin, Tex., for amicus curiae Texas Ass'n of Counties.

Harry H. Walsh, III, Huntsville, Tex., for plaintiff-appellee.

Before WISDOM, HIGGINBOTHAM and DAVIS, Circuit Judges.

WISDOM, Circuit Judge:

This appeal presents two questions: whether the district court committed reversible error in admitting a deposition at trial; and whether the trial court's jury instructions were deficient. The defendant, Joe Corley, argues that the deposition contained highly prejudicial testimony that was admitted without the plaintiff, Michael Jauch, having furnished the predicate for its admission required by Federal Rule of Civil Procedure 32(a)(3). This rule requires a showing, before the deposition is admissible, that the witness giving the deposition is unavailable or that exceptional circumstances justify admission of the deposition. The defendant also argues that the trial court improperly allowed the jury to find the defendant-sheriff liable for his deputy's defamatory remarks if the sheriff knew or should have known about the deputy's statements. Texas law requires a finding that the sheriff authorized the deputy's remarks. On both issues, we agree with the defendant/appellant and accordingly we reverse the judgment of the district court.

## I. FACTS AND PROCEEDINGS BELOW

The plaintiff, Michael Jauch, was employed as a deputy sheriff in Montgomery County, Texas, until Chief Deputy Steve Graeter, after an investigation of Jauch's alleged misconduct, discharged him. The plaintiff sued Deputy Graeter, Sheriff Joe Corley, and Montgomery County for allegedly defamatory statements made about him and reported in newspaper articles and television broadcasts. The media had reported that Jauch distributed and personally used stolen drugs, and that Graeter had told the media that Jauch admitted the wrongdoing. The plaintiff, however, had consistently maintained that he was innocent. Deputy Graeter was never served, Montgomery County was dismissed during the trial, and the jury trial proceeded against Sheriff Corley alone. The plaintiff asserted that the Sheriff should be held vicariously liable for the defamatory remarks of Deputy Graeter.

The record unquestionably shows that the case turned on Graeter's remarks to the media. At trial the defendant's counsel objected to the use of Graeter's deposition without a showing that the witness was unavailable under Fed.R.Civ.P. 32(a)(3). The plaintiff's counsel then stated: "I don't know where Steve Graeter is." When the court asked the defendant's counsel if he knew where Graeter could be found, counsel responded, "I know he works for the Harris County Rehabilitation Center, and he is a Harris County deputy or something." The plaintiff's counsel offered no explanation for his failure to make any effort to locate Graeter and produce him as a witness. The court then allowed the use of the deposition. The court stated that the defendant's counsel was free to subpoena Mr. Graeter for cross-examination. But there is no burden on a defendant to subpoena a hostile witness.

The jury found that Sheriff Corley "knew or should have known that Graeter was making false statements or statements with a reckless disregard for their truth or falsity". The district court entered judgment against Sheriff Corley for $250,000 in compensatory damages and $100,000 in exemplary damages. The court denied Sheriff Corley's motions for judgment on the verdict and for judgment notwithstanding the verdict.

In addition to contending that the district court erroneously admitted the deposition of Graeter, the defendant makes the following arguments on appeal: the district court erred in holding that under Texas law the sheriff was liable for the statements of his deputy; the court erred in holding the sheriff liable absent a finding of actual malice on the sheriff's part; the court erred in awarding the plaintiff exemplary damages absent a finding of fraud or malice on the sheriff's part; and the court committed additional reversible errors during the trial.

## II. THE DEPOSITION OF AN AVAILABLE WITNESS

Federal Rule of Civil Procedure 32(a)(3) limits the use of a deposition. A

deposition may not be introduced into the record at a trial or hearing for any purpose unless the witness is unavailable or exceptional circumstances justify its admission.[1] Here, the trial court erred in allowing the plaintiff's counsel to introduce any of Graeter's deposition. A deposition is an acceptable substitute for oral testimony when in-court observation of the witness is extremely difficult or virtually impossible.[2] Rule 32(a)(3) provides that a deposition is admissible if the witness is: over 100 miles from the place of trial; (2) out of the country; (3) infirm or unduly aged; or (4) that he had been unable to procure his attendance by subpoena. None of these exceptions applies and, as the briefs point out, the district court made no finding that "exceptional circumstances" justified admission of the deposition.

The burden of showing the witness's unavailability under Rule 32(a)(3) rests with the party seeking to introduce the deposition, in this case the plaintiff. The plaintiff did not satisfy his burden by stating merely that he did not know where Graeter was. The plaintiff's burden was to provide an explanation for the witness's absence. Indeed, in open court, the defendant's counsel informed the court and plaintiff's counsel where the witness was available; he worked for the Harris County Rehabilitation Center, less than one mile from the federal courthouse. The same information was contained in the deposition that the plaintiff sought to introduce! The plaintiff's counsel made no effort to locate and subpoena Graeter as a witness, although Graeter was listed as a witness in the pre-trial order. He made no effort to subpoena Graeter after the colloquy with the court and the plaintiff's counsel. The trial court clearly erred in admitting the deposition.

■ Given that Graeter's deposition was admitted in violation of Rule 32(a)(3), it is necessary for this Court to decide whether reversible error was committed. The deposition testimony was highly prejudicial: it was the only probative evidence that Deputy Sheriff Graeter knowingly made false statements regarding the plaintiff to the press. Corley was held liable on the basis of Graeter's malicious statements. Graeter's deposition testimony established that Jauch had not admitted wrongdoing when Graeter had told the press just the opposite.

Graeter was the only person who spoke with Houston TV Channel 13 and the *Houston Post*. These statements were the only statements that the jury found to be false and made with malice. Beyond a doubt, the trial court's admission of the deposition in violation of Rule 32(a)(3) was so highly prejudicial that it constituted reversible error.

### III. THE LIABILITY OF A SHERIFF FOR THE DEFAMATORY STATEMENTS OF HIS DEPUTY

#### A. The Court's Interrogatories

The defendant argues that the trial court's interrogatories were deficient because they allowed the jury to find Sheriff Corley liable for Graeter's defamatory statements if "Corley knew or should have known that Graeter was making false statements or making statements with a reckless disregard for their truth or falsity". This instruction was reversible error.

---

1. The rule reads as follows:

    The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: (A) that the witness is dead; or (B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition; or (C) that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; or (D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or (E) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

    Fed.R.Civ.P. 32(a)(3).

2. *See Salsman v. Witt,* 466 F.2d 76 (10th Cir. 1972); *Napier v. Bossard,* 102 F.2d 467 (2d Cir. 1939); *Newburger, Loeb & Co., Inc. v. Gross,* 365 F.Supp. 1364 (S.D.N.Y.1973).

■ Under Texas law, "[t]he general rule is that a sheriff or constable is not liable for the unauthorized acts of his deputies where the liability arises in tort unless the sheriff or constable authorizes, participates in, or ratifies the individual tortious acts of his deputies."[3] Although courts have implied that a sheriff's negligent supervision may warrant a finding of liability for a deputy's tortious conduct,[4] the sheriff's liability is nevertheless predicated on authorization, participation, or ratification. The trial court must explain to the jury the relationship between the general rule of sheriff liability and a finding of negligent supervision.[5] It is not enough for the jury to find that the sheriff knew or should have known about his deputy's conduct; the jury should determine whether the sheriff's knowledge or negligent policy constituted authorization of, participation in, or ratification of the deputy's conduct.

### B. Exemplary Damages

The defendant asserts that the sheriff cannot be held liable for exemplary damages based upon his deputy's conduct. The cases that the defendant cites state that a sheriff cannot be held liable for exemplary damages absent a finding of malice or fraud on his part.[6] Texas cases, however, also state other circumstances when a principal or master may be held liable for exemplary damages based upon the acts of an agent or servant.[7] Because such circumstances include a principal's authorization or ratification of his agent's tortious conduct, we decline to decide whether exemplary damages were warranted in this case. Instead, we leave this issue to the discretion of the district court in a new trial.

### IV. THE APPLICABILITY OF THE *NEW YORK TIMES* "ACTUAL MALICE" TEST

■ The defendant contends that *New York Times Co. v. Sullivan*,[8] precludes Sheriff Corley's liability for the defamation of the plaintiff. The defendant argues that without a showing that the Sheriff published anything about the plaintiff and without a showing of actual malice on the Sheriff's part, the plaintiff was barred from prevailing against the sheriff. We find no merit to this argument. In *Cantrell v. Forest City Publishing Co.*,[9] the Supreme Court held that a newspaper publisher is liable, under traditional doctrines of respondeat

**3.** *Rhoden v. Booth,* 344 S.W.2d 481, 488 (Tex. Civ.App.—Dallas 1961).

**4.** "Though 'authorization', 'participation' and 'ratification' are fairly elastic terms, they focus in on a relevant issue, that is, the behavior of the sheriff himself, without precluding assessing liability against the sheriff for what, by not investigating, he may have ratified." *Williams v. Thomas,* 511 F.Supp. 535, 540 (N.D.Tex.1981). "There is no evidence that Vines was negligent in employing Rhoden or McKissick, or that he failed to instruct them properly as to their duties as deputy constables." *Rhoden v. Booth,* 344 S.W.2d at 487–88.

**5.** There was, however, a finding by the jury that would suggest Sheriff Corley did not ratify his deputy's conduct. When asked whether "Corley by his own statements or actions adopted or approved the false statements of Graeter *after* they had been made", the jury answered in the negative. Record at 47 (emphasis added). Thus, the absent finding is whether the sheriff authorized the deputy's statements before they were made.

**6.** *Dean v. Gladney,* 451 F.Supp. 1313, 1322 (S.D. Tex.1978), *aff'd in part and rev'd in part on*

*other grounds,* 621 F.2d 1331 (5th Cir.1980), *cert. denied,* 450 U.S. 983, 101 S.Ct. 1521, 67 L.Ed.2d 819 (1981); *Taylor v. Stanford,* 229 S.W.2d 427 (Tex.Civ.App.—Galveston 1950).

**7.** For example, in *Fisher v. Carrousel Motor Hotel, Inc.,* 424 S.W.2d 627, 630 (Tex.1967), the court stated the following Texas rule:

[A] principal or master is liable for exemplary or punitive damages because of the acts of his agent, but only if:

(a) the principal authorized the doing and the manner of the act, or

(b) the agent was unfit and the principal was reckless in employing him, or

(c) the agent was employed in a managerial capacity and was acting in the scope of employment, or

(d) the employer or a manager of the employer ratified or approved the act.

*See also Purvis v. Pratteo, Inc.,* 595 S.W.2d 103, 104 (Tex.1980).

**8.** 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964).

**9.** *Cantrell v. Forest City Publishing Co.,* 419 U.S. 245, 95 S.Ct. 465, 42 L.Ed.2d 419 (1974).

**52**

superior, for the defamatory reports of its employees.[10] The publisher is liable because it authorized the reports. If Sheriff Corley authorized Graeter's defamatory remarks, then the reasoning of *Cantrell* applies with equal force to this case. The plaintiff does not have to prove that Sheriff Corley acted with actual malice.

### V. ADDITIONAL ISSUES

■ The defendant argues that the admission of a newspaper article and a videotape was reversible error, because such evidence was irrelevant and hearsay. We disagree. The evidence was relevant to the plaintiff's vicarious liability theory, because it contained the allegedly defamatory statements of Deputy Sheriff Graeter.[11] The evidence was not hearsay because the statements contained in the article and the videotape were not offered to prove the truth of the matter asserted.[12] Instead, the evidence was introduced only to prove that the statements were made.

The defendant asserts also that the jury was instructed inadequately regarding the definition of "reckless disregard", because the jury was not informed of the required high burden of proof. We disagree. The jury was instructed that they could find malice only upon a showing of clear and convincing evidence. This Court often has noted that the trial court is given broad discretion in formulating jury instructions.[13] Here the trial court did not abuse that discretion.

### VI. CONCLUSION

The trial court committed reversible error in admitting the deposition of Deputy Sheriff Graeter. The deposition contained highly prejudicial testimony and was admitted without the predicate required by Fed. R.Civ.P. 32(a)(3). The trial court also erred in instructing the jury about the sheriff's

---

10. 419 U.S. at 253–54, 95 S.Ct. at 470–71.

11. Relevant evidence is defined broadly as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence". Fed.R.Evid. 401.

liability for his deputy's remarks. To hold the sheriff liable for the deputy's remarks, the jury must find that Sheriff Corley authorized, participated in, or ratified the deputy's remarks.

We REVERSE and REMAND this case for a new trial.

---

12. *See* Fed.R.Evid. 801.

13. *Armco Indus. Credit Corp. v. SLT Warehouse Co.,* 782 F.2d 475 (5th Cir.1986).