Elaine L. CHAO, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

TYSON FOODS, INC., Defendant.

No. 2:02–CV–1174–VEH.

United States District Court, N.D. Alabama, Southern Division.

Jan. 17, 2009.

Joanna Hull, U.S. Dept of Labor, Office of the Solicitor, Washington, DC, Michael Kirby Hagan, Robert Walter, John A. Black, United States Department of Labor, Atlanta, GA, for Plaintiff.

Janell M. Ahnert, David M. Smith, Tony G. Miller, Maynard Cooper & Gale PC, Birmingham, AL, Joel M. Cohn, Akin Gump Strauss Hauer & Feld LLP, Michael J. Mueller, Hunton & Williams LLP, Washington, DC, for Defendant.

*ORDER GRANTING IN PART DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM USING THE DEPOSITION TESTIMONY OF HER OWN MANAGERS AND INVESTIGATORS IN LIEU OF LIVE TESTIMONY*

VIRGINIA EMERSON HOPKINS, District Judge.

Pending before the Court is Tyson's Motion *In Limine* to Preclude Plaintiff from

Using the Deposition Testimony of Her Own Managers and Investigators in Lieu of Live Testimony. (Doc. 263.) For the reasons discussed below, this motion is **GRANTED IN PART** and otherwise **DENIED.**

Tyson seeks to exclude the Secretary from using depositions of witnesses that she will call as witnesses at trial. It argues that such a use of the depositions in lieu of or in conjunction with live testimony is impermissible unless Federal Rule of Civil Procedure 32 provides a basis for using the deposition. Since this is the sole basis for Tyson's challenge, an examination of the rule is necessary.

Under Rule 32(a)(4), "[a] party may use for any purpose the deposition of a witness, whether or not a party, if the court finds ... (B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition." "The burden of showing the witness's unavailability ... rests with the party seeking to introduce the deposition." *Jauch v. Corley*, 830 F.2d 47, 50 (5th Cir.1987). Tyson's challenge solely relies upon the argument that the Secretary has not sufficiently demonstrated her current and former employees' unavailability in order to satisfy Rule 32. (Doc. 263, Ex. 1 at 2–3.)

The Secretary stipulates that the instant motion is due to be granted as to two of the challenged witnesses, Michael Ginley and Mary Ziegler, who the Secretary anticipates calling at trial. (Doc. 288 at 1.) Tyson also challenges the use of the depositions of Michael Hancock and Lou Greer, who are current employees, as well as the use of the depositions of John Fraser, David Sullivan, and Alfred "Hap" Perry, who are former employees of the Department of Labor (DOL). *Id.* at 2. According to the Secretary's amended witness list, Hancock, Greer, Fraser, Sullivan, and Perry are witnesses that the Secretary "may" call at trial. (Doc. 288 at 2.) However, the Secretary now represents that they will not be present at trial and that they are located more than 100 miles from the courthouse. *Id.* Thus, the sole issue for resolution of this motion is whether the Secretary can offer at trial the deposition testimony of current or former employees who are more than 100 miles from the courthouse.

Tyson cites no case law that demonstrates that it should prevail on this issue. In support of its motion, Tyson relies on two cases: *United States v. International Bus. Machines Corp.*, 90 F.R.D. 377 (S.D.N.Y.1981), and *Jauch v. Corley*, 830 F.2d 47. Neither of these cases mirror the facts of the current case.

In *IBM*, the court held that depositions of witnesses who had already testified at trial could not be admitted into evidence. 90 F.R.D. at 384. The case involved highly protracted litigation and the depositions were offered years after trial began. *Id.* This is not the case here, as none of the employees or former employees have appeared at trial, and the Secretary does not anticipate calling them to testify at trial. Moreover, the Secretary cannot be said to have "procured" the absence of an employee or former employee who both resides and works in areas that are hundreds of miles from the courthouse. *See Weiss v. Weiner*, 10 F.R.D. 387, 389 (D.Md. 1950) ("The word 'procured' in this context would seem to imply that a party had collusively instigated or induced a witness to remove himself from being subjected to a subpoena to testify at the trial, or at least had unfairly and for an improper purpose deliberately absented himself shortly before the trial from the jurisdiction so he could not be examined.").

The decision in *Jauch* also does not support Tyson's argument. Tyson cites this case for the proposition that "plaintiff must show that she cannot subpoena each of these persons, and that she exercised diligence in trying to subpoena each of them." (Doc. 288 at 4.) However, in *Jauch*, evidence indicated that the deponent worked less than one mile from the federal courthouse and counsel made no effort to locate and subpoena the witness. 830 F.2d at 50. The party offering the evidence made no effort to explain the witness's unavailability and, consequently, the Fifth Circuit held that it was error to admit the testimony when it was clear that

the deponent worked within the jurisdiction. *Id.*

*Jauch* does not stand for the proposition that the Secretary must subpoena all witnesses who reside outside of the Court's 100–mile radius. Rule 32(a)(4) is phased in the disjunctive, and it provides that a party "may use *for any purpose* the deposition of a witness, *whether or not a party*," if the Court finds that: (A) the witness is dead; (B) he or she is more than 100 miles from the place of hearing or trial; (C) the witness cannot testify because of illness or infirmity; (D) the party offering the deposition "could not procure the witness's attendance by subpoena;" *or* (E) the court finds that exceptional circumstances warrant use of the deposition. Fed.R.Civ.P. 32(a)(4) (emphasis added). *Jauch* applied a prior version of the rule that did not include Rule 32(a)(4)(D). *See* 830 F.2d at 50. Rule 32's revisions (made subsequent to *Jauch* ) make plain that a party can prove unavailability by satisfying *any* of the five categories. *See Mazloum v. District of Columbia Metropolitan Police Dep't,* 248 F.R.D. 725, 727 (D.D.C.2008) ("[E]ven if it were possible for [an opposing party] to serve a subpoena that [a party witness] could not successfully quash, until [the opposing party] does so ... the plain text of Rule 32(a)(4)(B) operates in full force.").

█ Here, the Secretary has proved that each of the remaining challenged witnesses will not be present at trial and therefore will not be available to testify as a live witness. Hancock is located in Washington, D.C.; Greer in New York City; Fraser in New York State; Sullivan in Tennessee; and Perry in South Carolina. (Doc. 263, Ex. 1 at 203.) Since the Secretary has satisfied her burden of fulfilling a requirement of Rule 32(a)(4), Tyson's motion *in limine* is denied as to the depositions of Hancock, Greer, Fraser, Sullivan, and Perry. Of course, should any of them appear at trial, his deposition may not be used in addition to his live testimony. *U.S. v. IBM,* 90 F.R.D. 377. Further, *if* the Secretary uses deposition testimony of a witness, she is *precluded* from calling that witness live. *See id.* at 382, and cases cited therein, including *Sanford Bros. Boats, Inc. v. Vidrine,* 412 F.2d 958, 963 n. 3 (5th Cir.1969) [1].

Thus, Tyson's motion is **GRANTED IN PART.** The Secretary may not use (other than for impeachment) the deposition of any witness who she calls to present live testimony at trial. Specifically, as the Secretary has stipulated that the instant motion is due to be granted as to two of the challenged witnesses, Michael Ginley and Mary Ziegler, who the Secretary anticipates calling at trial, the Secretary may not use the depositions of Michael Ginley and Mary Ziegler in addition to their live testimony. However, as the Secretary has established that Michael Hancock, Lou Greer, John Fraser, David Sullivan, and Alfred "Hap" Perry live and work more than 100 miles from the courthouse, she may use their deposition testimony at trial so long as they do not also appear and testify in person at trial. To that extent, therefore, the motion is **DENIED.**

---

**1.** *See, Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1209 (11th Cir.1981) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).