# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 17, 2013

No. 12-60935

Lyle W. Cayce
Clerk

JOHNNY A. BASS, SR.; DAVID H. CAMPBELL,

Plaintiffs - Appellants

v.

CITY OF JACKSON, MISSISSIPPI,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:09-CV-549

Before DAVIS, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Johnny Bass, Sr. and David H. Campbell challenge the grant of judgment as a matter of law to the City of Jackson on their claims under the Fair Labor Standards Act ("FLSA"), and an adverse discovery ruling. Because the district court did not err in finding facts indicating the FLSA's administrative exemption applied to Appellants, 29 U.S.C. § 213(a)(1), and because there was no abuse of discretion concerning the discovery ruling, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60935

## BACKGROUND

Appellants are former district fire chiefs for the City of Jackson, Mississippi. Both men retired from the fire department in June of 2009 and then sued the City, alleging they were non-exempt employees entitled to overtime compensation under the FLSA. While at the firehouse, they were on salary and worked shifts of 24 hours on-duty followed by 48 hours off-duty. Responsibilities of the district chiefs include supervising personnel, staffing the firehouses within their districts, establishing schedules, and recommending disciplinary action for their subordinates as necessary. On occasion, and due to a shortage of district-level chiefs, they would work additional shifts for which they were compensated a straight-time hourly rate.

The complaint was filed in state court and the City removed the case based on the federal statute. On cross-motions for summary judgment, the district court first considered whether the City was correct in applying the administrative exemption of the FLSA to the district fire chiefs. The court found that the City had met its burden concerning the duties test but not the salary basis test. Finding a genuine issue of material fact concerning the Appellants' exemption status, the court denied the City's motion for summary judgment and Appellants' motion for summary judgment on liquidated damages. A bench trial was held. At the close of Appellants' case, the court granted the City's motion for judgment as a matter of law concerning the application of the exemption to the fire chiefs. This timely appeal followed.

## STANDARD OF REVIEW

The standard of review for a Rule 50(a) motion for judgment as a matter of law is *de novo. Hagan v. Echostar Satellite, LLC*, 529 F.3d 617, 622 (5th Cir. 2008). The court may render judgment where a party has been heard and there is no legally sufficient evidentiary basis for a reasonable factfinder to find for the party on that issue. *Ellis v. Wealser Eng'g Inc.*, 258 F.3d 326, 337 (5th Cir.

2

No. 12-60935

2001). While the district court's assessment of material, disputed facts is reviewed only for clear error, the ultimate decision whether an employee is exempt from the FLSA overtime compensation provisions is a question of law reviewed *de novo*. *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 584 (5th Cir. 2006).

## DISCUSSION

The central issue in this appeal is whether the fire chiefs were exempt from the FLSA overtime provisions. To qualify under the administrative exemption to the FLSA, an employee must have supervisory duties and meet the salary basis test. The chiefs have challenged only the court's holding that their compensation met the salary basis test, *i.e.*, that they were paid a salary exceeding $455 per week. 29 C.F.R. §§ 541.100 & 541.200. Employees are considered to be paid on a "salary basis" if they regularly receive a "predetermined amount constituting all or part of [their] compensation, which amount is not subject to reduction because of variations in the quality or quantity of work performed." *Id.* § 504.602(a). Paying employees an hourly rate for work done beyond a regular schedule does not defeat the executive or administrative exemption. *See York v. City of Wichita Falls, Tex.*, 944 F.2d 236, 241–42 (5th Cir. 1991).

Appellants offer two primary arguments why they did not meet the qualifications of the salary basis test. First, they assert that the City adopted a policy that could have reduced their pay based on the quantity of hours worked. Though Appellants admit no district chief had ever been docked pay for missing portions of shifts (and, in fact, the chiefs were allowed to run personal errands while on duty), they argue that *actual* deductions are unnecessary to remove them from exempt status; it is enough that an existing policy countenanced the possibility of such deductions. Appellants' second contention is that a City policy against firefighters' being Absent Without Official Leave

3

No.  12-60935

("AWOL") allegedly infringed Department of Labor regulations construing the salary basis test, 29 C.F.R. § 541.602, because it presented a substantial likelihood of disciplinary suspensions for the district chiefs of less than a week and it arguably did not apply to all employees of the department or City.

Since the district court found, as a matter of fact, that the district chiefs were never subject to the potentially offending policies, we reject both assertions. Appellants offer nothing more than conjecture, unsupported in practice, a level of justification that cannot meet the standard set forth in *Auer v. Robbins*, 519 U.S. 452, 117 S. Ct. 905 (1997).  In *Auer,* the Court accepted the Secretary's definition that an otherwise-exempt employee is subject to the FLSA when there is a "significant likelihood" that an improper deduction might occur "as a practical matter." *Id.* at 461, 117 S. Ct. at 911.  Here, it is clear, the chiefs were not subject to salary deductions or suspensions.  The district court was willing to allow the Appellants to put on evidence that they were subject to policies that would violate the Department of Labor's mandates for exempt status.  When Appellants were unable to do so, the court found no substantial likelihood of salary reduction or improper suspension.  That conclusion is not clearly erroneous; the fire chiefs' salary met the statutory exemption requirements.[1]

In their final issue on appeal, Appellants contend the district court abused its discretion in denying their motion for sanctions.  During discovery, Appellants sought information concerning the work period adopted by the City for its firefighters under Section 7(k) of the FLSA,[2] 29 U.S.C. § 207(k).  After the court compelled the City properly to answer numerous discovery requests, the court denied a Fed. R. Civ. P. 37 request for further information and for

---

[1] Because Appellants were exempt, we do not reach the question whether equitable estoppel should alter the statute of limitations period.

[2] A municipality can pick a work period anywhere between 7 and 28 days for purposes of the firefighter overtime calculation.  29 C.F.R. § 553.230.

sanctions against the City. The information no longer pertains to this case because we affirm the holding that Appellants are exempt employees. Nevertheless, Appellants take a broad approach in seeking relief on this point, urging this court that the district court should perhaps have disallowed the City's affirmative defenses or even entered a default judgment on their behalf.

Discovery rulings are reviewed for abuse of discretion. *United States v. Webster*, 162 F.3d 308, 336 (5th Cir. 1998). An appellate court need be involved only when a party's substantial rights have been prejudiced and the proceeding would have turned out differently had the evidence been disclosed. *Id.* Based on the record, there is no indication that the district court abused its discretion in denying the discovery/sanction motion. In the end, Appellants' rights were not prejudiced since the information sought—assuming it was not already provided by the City—was worthless without a ruling that they were non-exempt employees.

## CONCLUSION

For the reasons stated above, the judgment of the district court is AFFIRMED.