# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60132

United States Court of Appeals
Fifth Circuit

**FILED**

January 4, 2016

Lyle W. Cayce
Clerk

POWERTRAIN, INCORPORATED, a Mississippi Corporation,

Plaintiff - Appellant

v.

JOYCE MA, individually,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:11-CV-105

Before SMITH, WIENER, and GRAVES, Circuit Judges.

PER CURIAM:*

This case concerns a business dispute between Powertrain, Incorporated, and Joyce Ma, individually. On appeal, Powertrain argues that the district court improperly excluded deposition testimony and that the district court's entry of judgment as a matter of law was improper. For the following reasons, we **AFFIRM**.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60132

## PROCEDURAL HISTORY AND FACTS

The United States Department of Justice, Environmental and Natural Resource Division, filed a complaint against Powertrain and its sister companies related to Powertrain's importation of a large number of small engines from China. Thereafter, the United States and Powertrain entered into a consent decree requiring Powertrain and its sister companies to pay civil penalties to the United States in the amount of $2,000,000.00, plus interest along with the cost of implementing an emission reduction program. Powertrain also agreed to destroy or export any remaining subject engines in its inventory.

Powertrain sued claiming that Best Machinery & Electrical, Inc. ("Best") and Ma should be held responsible for the damages Powertrain incurred in the suit by the United States against Powertrain. Although the extent of Ma's involvement is contested, it is undisputed that Ma helped find Chinese manufacturers who could supply the products Powertrain wanted.

Zhao Lei incorporated Best in 2002 in California.[1] After a few months, Zhao Lei sold the company to his father, Zhao Agen. Before trial, Ma moved *in limine* to exclude the introduction of the deposition testimony of Zhao Lei and Zhao Agen. Those depositions were taken in the case of *Powertrain, Inc., et al. v. American Honda Motor Co., Inc.*, Civil Action No. 1:03CV668MD (N.D. Miss.) (the "Honda litigation"). The district court granted the motion *in limine* because the previous action did not involve the same subject matter or parties. Powertrain was not prohibited from using the depositions for impeachment purposes at trial.

---

[1] Zhao Lei and Ma lived together, but she testified that she is not married.

No. 15-60132

Best failed to answer Powertrain's complaint and the district court entered a default judgment against Best for $2,600,000.00, plus interest. Powertrain proceeded against Ma for any individual liability she might have had in the manufacture, sale, and importation of the engines sold to Powertrain. Specifically, Powertrain contends that Ma represented that the engines would meet the Environmental Protection Agency emissions standards set out in the Clean Air Act and the Code of Federal Regulations.

After a day and a half of trial, Powertrain rested its case and Ma moved for dismissal of the claims asserted against her. Ma testified that at no point in time had she ever had an ownership stake in Best, nor did she ever serve as a shareholder, officer, or director. She also testified that Best paid corporate taxes, employee wages, payroll taxes, and had its own corporate offices and bank account—separate from her personal bank account. The district court granted judgment as a matter of law in favor of Ma.

## STANDARD OF REVIEW

"We must first review the trial court's evidentiary rulings under an abuse of discretion standard." *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 667-68 (5th Cir. 1999) (citing *General Electric Co. v. Joiner*, 522 U.S. 136, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997)). Second, this court "reviews *de novo* a motion for directed verdict, applying the same standard as the district court." *X Technologies, Inc. v. Marvin Test Sys., Inc.*, 719 F.3d 406, 411 (5th Cir. 2013) (citing *Arthur J. Gallagher & Co. v. Babcock*, 703 F.3d 284, 292–93 (5th Cir. 2012)). "'If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motion[ ] is proper.'" *Id.* (quoting *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (en banc), *overruled on other grounds by Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331 (5th Cir. 1997) (en banc)).

3

No. 15-60132

## ANALYSIS

### I.     Deposition Testimony of Zhao Lei and Zhao Agen

The first issue is whether the district court properly refused to allow Powertrain to use as evidence the deposition testimony of Zhao Lei and Zhao Agen. Powertrain did not sue or depose either of the two individuals. Instead, Powertrain attempted to introduce their July 2007 deposition testimony from the Honda litigation. Rule 32 of the Federal Rules of Civil Procedure provides:

> (a) Using Depositions.
>> (1) In General. At a hearing or trial, all or part of a deposition may be used against a party on these conditions:
>>> (A) the party was present or represented at the taking of the deposition or had reasonable notice of it;
>>> (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and
>>> (C) the use is allowed by Rule 32(a)(2) through (8).

Powertrain contends that Zhao Lei and Zhao Agen's prior testimony is admissible.[2] Although Rule 32 permits deposition testimony from a prior proceeding to be introduced into a later proceeding in limited circumstances, the Fifth Circuit has stated that "[a] deposition may not be introduced into the record at a trial or hearing for any purpose unless the witness is unavailable or exceptional circumstances justify its admission." *Jauch v. Corley*, 830 F.2d

---

[2] Powertrain contends that Zhao Lei and Zhao Agen's prior testimony is admissible pursuant to Federal Rules of Civil Procedure 32(a)(3), (4), and (8). The district court specifically rejected Powertrain's arguments as to 32(a)(3) and (a)(4) because neither were raised until after trial in its motion for a new trial. Indeed, Powertrain's Memorandum of Law in Support of its Response to Ma's Motion in Limine specifically only mentions Rule 32(a)(8). Therefore, the court will only review Powertrain's 32(a)(8) motion as the other arguments were waived. *See Henry's Marine Serv., Inc. v. Fireman's Fund Ins. Co.*, 193 F. App'x 267, 277 (5th Cir. 2006) (quotations omitted) (citing *Simon v. U.S.*, 891 F.2d 1154, 1159 (5th Cir. 1990) ("These [Rule 59] motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory.")).

No. 15-60132

47, 49–50 (5th Cir.1987); *accord Battle ex rel. Battle v. Mem'l Hosp. at Gulfport*, 228 F.3d 544, 554 (5th Cir. 2000).

Federal Rule of Civil Procedure 32(a)(8) regarding depositions taken in earlier actions provides:

> A deposition lawfully taken and, if required, filed in any federal- or state-court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action. A deposition previously taken may also be used as allowed by the Federal Rules of Evidence.

FED. R. CIV. P. 32(a)(8). The district court determined that Powertrain could not introduce the depositions under Rule 32(a)(8) because the depositions were taken in an action involving different parties with different motives and the action involved different issues. The Honda litigation did not involve the "same parties" because Powertrain filed that suit in anticipation of a future lawsuit by Honda against it for allegedly infringing on Honda's trademark. Honda filed a countersuit against Best, Ma, and others alleging that they infringed upon the Honda trademark. Thus, Ma was sued by Honda and not Powertrain. Moreover, the district court noted that the Honda litigation presented trademark infringement issues. In contrast, the present case presents claims stemming from Ma's alleged involvement with Best and Powertrain in the import and sale of certain engines that allegedly violated EPA standards. Furthermore, Ma did not have the opportunity to cross-examine or otherwise structure the content of the inquiry of either deponent in the Honda litigation. Thus, the use of the testimony would be fundamentally unfair. Accordingly, the district court did not abuse its discretion in preventing Powertrain from utilizing the depositions for purposes other than impeachment.

No. 15-60132

## II.    Judgment as a Matter of Law

The second issue is whether the district court properly granted judgment as a matter of law at the conclusion of the presentation of Powertrain's case in chief at trial. On a Rule 50(a) motion, "[t]he court may render judgment where a party has been heard and there is no legally sufficient evidentiary basis for a reasonable factfinder to find for the party on that issue." *Bass v. City of Jackson*, 540 F. App'x 300, 301 (5th Cir. 2013) (per curiam) *cert. denied*, 134 S. Ct. 1940, 188 L. Ed. 2d 961 (2014) (citing *Ellis v. Weasler Eng'g Inc.*, 258 F.3d 326, 337 (5th Cir. 2001).[3]

"Corporate veil claims are analyzed under state law," which in this case is Mississippi law. *Penn Nat'l Gaming v. Ratliff*, 954 So.2d 427, 431 (Miss. 2007) (citing *United States v. Bestfoods*, 524 U.S. 51, 61–63, 118 S.Ct. 1876, 141 L.Ed.2d 43 (1998)). "Piercing the corporate veil is '[t]he judicial act of imposing personal liability on otherwise immune corporate officers, directors, and shareholders for the corporation's wrongful acts.'" *Tanfield Eng'g Sys., Inc. v. Thornton*, 97 So. 3d 694, 698 n.9 (Miss. 2012) (citing *Black's Law Dictionary*

---

[3] Rule 50(a) of the Federal Rules of Civil Procedure provides:

(a) Judgment as a Matter of Law.
> (1) In General. If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>> (A) resolve the issue against the party; and
>> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
> (2) Motion. A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

FED. R. CIV. P. 50.

6

1184 (8th ed. 2007)). The Supreme Court of Mississippi has said that it "decline[s] to pierce the corporate veil except in those extraordinary factual circumstances where to do otherwise would subvert the ends of justice." *Ratliff*, 954 So. 2d at 431 (citing *Gray v. Edgewater Landing, Inc.*, 541 So. 2d 1044, 1046 (Miss. 1989)). The Mississippi Supreme Court also held:

> [T]o cause a court to disregard the corporate entity and justify shareholder liability, the complaining party must demonstrate: (a) some frustration of contractual expectations regarding the party to whom he looked for performance; (b) the flagrant disregard of corporate formalities by the defendant corporation and its principals; (c) a demonstration of fraud or other equivalent misfeasance on the part of the corporate shareholder.

*Gen. Motors Acceptance Corp. v. Bates*, 954 F.2d 1081, 1085 (5th Cir. 1992) (quoting *Gray*, 541 So. 2d at 1047). "'[A] party must present some credible evidence on each of these points' before the issue of whether to pierce the corporate veil may go to the jury." *Id.* (quoting *Gray*, 541 So. 2d at 1047). Here, Powertrain failed to produce sufficient evidence to suggest that Ma was anything more than an employee of Best. Powertrain failed to show that Best disregarded corporate formalities and Powertrain failed to provide evidence of fraud or malfeasance.

Powertrain also contends that Ma was individually liable for negligence, breach of warranty (express and implied), liability under the Clean Air Act,[4] and breach of contract, regardless of the court's ruling as to its piercing of the corporate veil theory. The Mississippi Supreme Court has noted, however, that "[i]ndividual liability of corporate officers or directors may not be predicated merely on their connection to the corporation but must have as their foundation individual wrongdoing." *Hardy v. Brock*, 826 So. 2d 71, 75 (Miss.

---

[4] Powertrain does not make a claim under the Clean Air Act's citizen-suit provision, 42 U.S.C. § 7604, but instead seeks, without merit, to impose direct, personal liability under the act.

No. 15-60132

2002) (quoting *Turner v. Wilson*, 620 So. 2d 545, 548 (Miss. 1993)). The Mississippi Supreme Court also noted that "[t]he prior holdings of this Court are consonant with the great weight of authority elsewhere to the effect that, in contract actions, the corporate fiction will not be disregarded in cases of simple negligence." *Gray*, 541 So. 2d at 1047 (citing *Kaites v. Dept. of Envtl. Res.*, 529 A.2d 1148, 1151 (Pa. Commw. Ct. 1987)). Powertrain submitted insufficient evidence to suggest that Ma's conduct exceeded negligence. Therefore, the district court properly granted judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.